H. F. EWING ET AL. V. THE STATE OF TEXAS EX REL. MRS.
S. E. POLLARD ET AL.

No. 7701.

1. **Incorporation of City Under General Law.**—Oak Cliff, which was incorporated under the general laws of the State, embraced within its limits an area of about ten square miles, of which only about two square miles are covered by the actual city. The territory outside of the city proper is composed of farms and unoccupied lands. *Held*, that the inhabitants of the city proper had no power to include the adjacent lands, and the attempt to do so was without authority of law, and the incorporation was void.

2. **Case Adhered to.** — The State v. Eidson, 76 Texas, 302, adhered to, and the rule extended to incorporations for all purposes under article 340a, Sayles' Civil Statutes. The inhabitants of the town or city, while authorized to incorporate, can not extend at will the limits of such corporation.

3. **Judicial Questions.** — Whether the action of the inhabitants of Oak Cliff in attempting to incorporate their city is such as the Legislature empowered them to do is a judicial question. Where by special act the limits of a town or city are fixed by the Legislature the courts can not interfere.

4. **Act of County Judge Ordering Election.** — The law (Rev. Stats., art. 508) provides that the county judge shall order the election when an incorporation is proposed "if satisfactory proof is made that the city contains the requisite number of inhabitants." Action by the county judge upon this question is final, but no such provision exists as to the limits. The area is indicated by the aggregation of residences and appurtenant structures constituting the city to be incorporated.

5. **City Limits—Increased Values.**—That land values are increased by its proximity to a town does not constitute the land part of such town, in an attempt at incorporation, nor will the mere subdivision into lots of the adjacent lands. A city does not extend beyond the area occupied by its houses and inhabitants.

6. **Practice.**—That a map incorrect in part was admitted in evidence is no ground for reversal, and especially so when the trial was without a jury.

7. **Practice in Quo Warranto.** — That one of the relators resided in the city proper of Oak Cliff was of no consequence and immaterial. It was not error to reject testimony to such fact offered in rebuttal.

8. **Parties in Quo Warranto.**—In an information questioning the legality of the incorporation of a town or city, and where the theory of an attack upon the right of city officials to exercise their offices is that there is no such corporation, then it would seem that the pretended corporation should not be made a party.

9. **Same.** — It is sufficient to proceed against the persons assuming to compose the governing body. It was here necessary to establish the fact that the attempted incorporation of the city of Oak Cliff was void from the beginning; that being the ground upon which the judgment of ouster was reached against the mayor, etc., it was not error so to declare in the judgment.

APPEAL from Dallas. Tried below before Hon. R. E. Burke. The opinion states the case.

*Morris & Crow, John M. Washburn, H. L. Obenchain,* and *G. J. Gooch,* attorneys for appellants the City of Oak Cliff, Hugh F. Ewing, W. H. W. Smith, John S. Griffith, H. H. Smith, W. L. Diamond, D. E. Greer,

W. H. Brunson.—1. The court erred in overruling respondents' plea to the jurisdiction, general demurrer, and special exceptions, as embodied in the one order thereon, because all the proceedings leading to the incorporation of Oak Cliff as a city, as alleged by the State and relators, are regular on their face, violating no provision of the laws or Constitution of the State of Texas; and when done in compliance with law such proceedings are final, the law providing no remedy to call them in question; and besides as to territory and otherwise are political and legislative in their nature, and not subject to revision by the courts. Appellants submit in addition that the Constitution of Texas relating to the incorporation of cities and towns and the laws passed in obedience thereto being silent on the subject of territory, the right to fix boundaries was reserved in the people and the law makes their decision final, just as much so as an act of the Legislature incorporating a town with over 10,000 inhabitants; for as bearing on the subject of territory the two provisions of the Constitution now in force for incorporating cities and towns with less than 10,000 inhabitants and cities with over 10,000 are identical; both are silent, and neither throws any restriction around the act of the people or the Legislature. No law being violated in the incorporation, appellants submit the quo warranto act provides no remedy. Sayles' Civ. Stats., art. 11, secs. 4, 5; Const. 1876, art. 2, sec. 1; Sayles' Civ. Stats., arts. 340, 340a, 503a, 507, 508, 513, 514, 540, 541a, 4098i, sec. 1; Norris v. The City of Waco, 57 Texas, 635; The State v. Goowin, 69 Texas, 55; The State v. Ḷidson, 76 Texas, 302; Dill. on Mun. Corp., secs. 23, 39, 41, 183, 795, and notes 1, 896; Morford v. Unger, 8 Iowa, 82; Langworthy v. Dubuque, 13 Iowa, 86; Fulton v. Davenport, 17 Iowa, 404; Buel v. Ball, 20 Iowa, 282; Durant v. Kauffman, 34 Iowa, 194; City of Covington v. Southgate, 15 B. Monroe (Ky.), 491; Arbegust v. Louisville, 2 Bush, 271; Swift v. Newport, 7 Bush, 37; Cheaney v. Hooser, 9 B. Monroe (Ky.), 330; People v. Riverside, 70 Cal., 461; Cool. on Tax., 119, 120.

2. The court erred in admitting in evidence over the objection of the respondents the map introduced by the State and relators, because not shown to be official or a correct map of Oak Cliff, and because population and settlement can not be shown in that way. Appellants submit as a matter of law that if the map is not correct it was error to admit it. Lockett v. Schurenburg, 60 Texas, 610.

3. Unless the city of Oak Cliff has been properly joined in the suit and made a party to it by the pleadings of the State and relators a judgment dissolving its incorporation is erroneous, and the answer of the respondents, in which the city of Oak Cliff joins, will not cure the defect. The judgment must conform to the pleadings. Sayles' Civ. Stats., art. 1335, and notes; The State v. Goowin, 69 Texas, 55; The State v. Weatherby, 45 Mo., 17.

4.   Appellants submit that the case at bar is not one of that character of cases where the law is well defined; and the lower court having passed upon the facts, and there being evidence to support the judgment, this court will not disturb its findings, for here the witnesses are so nearly agreed upon the main and important facts bearing on the case that the only question for consideration is one of law as to what is the law applicable to the state of facts as proved; and the burden being upon the appellees as to both the law and facts, if they have failed to establish a clear abuse of the incorporating power as affecting the people and territory incorporated and pointed out a remedy, this court should find for appellants and reverse and render the case.   Taylor v. Boulware, 17 Texas, 74; Norris v. The City of Waco, 57 Texas, 635; The State v. Eidson, 76 Texas, 302; The State v. Town of Baird, 79 Texas, 63; Dill. on Mun. Corp., sec. 183, and notes; Dill. on Mun. Corp., secs. 794, 795, and notes; Durant v. Kauffman, 34 Iowa, 194; Southgate v. Covington, 15 B. Monroe (Ky.), 491; Kelley v. Pittsburg, 85 Pa. St., 170; People v. Riverside, 70 Cal., 461; Dixon v. Mayes, 72 Cal. 166; Anderson's Dic. of Law, ed. 1891, definition of a City, 184.

*J. M. Washburn* filed printed argument for appellants.

*Coombes & Gano,* for appellee.—1.   The inhabitants of a given territory have no inherent power to create therein a municipal corporation. This can only be done by special act of the Legislature or by a compliance with the general law providing the manner in which inhabitants may give life to such corporation.

2.   The proceedings for incorporation do not involve a delegation of legislative power; if they did they would be unconstitutional and void.

3.   The proceedings for incorporation are not in their nature judicial—i. e., they do not involve the action of a court as such; if they did they would be unconstitutional and void.

4.   Under the law the county judge is merely a commissioner, with powers limited to proceedings to incorporate cities, towns, and villages; his acts are ex parte and strictly construed, and must in every respect comply with the statute.   When such proceedings show an attempt to incorporate more territory they are upon their face void.

5.   Such proceedings if in excess of power can not be final.   The question as to whether the county judge has exceeded the power intrusted to him by the Legislature or acted without power is a question for the courts, and is wholly separate and distinct from the question as to the number of inhabitants in the proposed town.   The State v. Goowin, 69 Texas, 55; The State v. Dunson, 71 Texas, 70; Buford v. The State, 72 Texas, 182; Blessing v. City of Galveston, 42 Texas, 658; Graham v. City of Greenville, 67 Texas, 65; Brown v. Wheelock, 75 Texas, 387; People

v. Nevada, 6 Cal., 143; Rev. Stats., arts. 340a, 506; The State v. Eidson, 76 Texas, 302; The State v. Town of Baird, 79 Texas, 63; East Dallas v. The State, 73 Texas, 370.

6. The court had the power to dissolve the pretended incorporation of Oak Cliff, because its representatives were sued for usurping the franchise to be a corporation, as well as for usurping the powers of municipal offices; and the pretended city itself appeared, answered, and contested the cause.

7. The court had the power to dissolve the pretended incorporation of Oak Cliff, because an association of a number of persons were sued for usurping the franchise to be a corporation, were cited, appeared, answered, and contested the cause.

8. The court had the right, as to the respondents who were usurping the powers incident to municipal offices, to adjudge the pretended incorporation void and to oust said respondents from the exercise of such powers; and if Oak Cliff was a party it can not complain on the ground that it was not, and if not a party it will not be heard. 2 Dill. Mun. Corp., 3 ed., sec. 895; The State v. Gas Light Co., 18 Ohio St., 262; The State v. Weatherly, 45 Mo., 17; Rev. Stats., art. 4098i; Renswick v. Hall, 84 Ill., 162; People v. Carpenter, 24 N. Y., 86.

9. The power expressed in the legislative acts with reference to the incorporation of cities, towns, and villages does not include the incorporation of rural or outside territory, and any attempted incorporation embracing such territory is void.

10. The attempted incorporation here inquired into included a town of less than two square miles, but embraced more than nine square miles of agricultural and pasture lands and open country, upon which there was not the semblance of a settlement of any description, and which is more sparsely inhabited than is usual with such lands in the farming districts of the State. It was therefore a clear abuse of this power, and the attempted incorporation was void.

11. The words cities, towns, and villages used in the statute are not defined and must be taken in their usual and common signification and meaning, viz., "such a dense settlement of people as that they may be said to dwell together."

12. What was and what was not the intention of the Legislature in the general laws for the incorporation of cities, towns, and villages, and what is and what is not an abuse of the power intrusted to the county judge, have been clearly defined by the Supreme Court, and must now be considered the fixed law of the land.

13. There is under the law no authority for incorporating two distinct and separate cities, towns, or villages into one city, town or village, or under and by means of the same proceedings. The county judge has no such power. Rev. Stats., arts. 340a, 506, title 17; The

State v. Eidson, 76 Texas, 302; The State v. Town of Baird, 79 Texas, 63; Borough of Little Meadows, 35 Pa. St., 335; 2 Bouv. Law Dic., subject "Towns."

GAINES, ASSOCIATE JUSTICE.—This is an appeal from a judgment of ouster rendered in a proceeding upon an information in the nature of a quo warranto filed by D. A. Williams, the county attorney of Dallas County, upon leave granted by the Hon. R. E. Burke, judge of the Fourteenth Judicial District of the State. The object of the information was to oust the respondents from the exercise of the functions of the offices of mayor and councilmen of the city of Oak Cliff, and the ground upon which the judgment was sought was that the city had never been legally incorporated. The information was filed upon the relation of the owners of real estate situate within the limits of the pretended corporation. The incorporation was attempted by an election under the general laws of the State, and the ground upon which its legality is attacked is that the limits prescribed in the petition and in the order for the election embrace a large scope of country which is rural in its character and which is no part of the city proper.

The information as to the limits of the attempted incorporation alleges "that the limits of said territory   *   *   *   are not identical with the real limits of the real city of Oak Cliff, which contains about 2000 inhabitants and covers an area of about two square miles only and is contained within said territory, but they extend many miles beyond the real limits of said real city of Oak Cliff and include about ten square miles of rural territory not part of said real city of Oak Cliff nor of any other city, but inhabited by people residing in residences widely disseminated over the same and pursuing agricultural avocations; said rural territory so unlawfully and unnecessarily included within said territory as aforesaid comprises farms, pastures, and unoccupied surveys of land as follow, to-wit," etc. Then follows a particular description of the lands, which it is not necessary to set out in this opinion.

A demurrer to the petition was overruled, and the court after hearing the evidence gave judgment for the relators. There was but little conflict in the testimony as to any material issue, and we may safely say that there was ample evidence to justify the court in concluding that the averments in the information were substantially proved. It would therefore be a profitless task to set out in detail the testimony adduced. There being no findings of fact in the record, we must take every fact as proved which there was sufficient evidence to establish without regard to the conflicting testimony. Indeed, in so far as there is a conflict the preponderance of the evidence seems to be in relators' favor.

We may therefore assume that the limits of the attempted incorporation embrace an area of about ten square miles, of which only about two square miles are covered by the actual city, and that the territory

outside of the city proper is composed of farms and unoccupied lands.
It is true that it embraces the village of West Dallas, a suburb of the
thriving city whose name it has in part adopted, but between the out-
skirts of that village and the city of Oak Cliff there is approximately a
mile of territory which is uninhabited.   These facts in our opinion bring
the case within the principles which were announced in the case of The
State v. Eidson, 76 Texas, 302.   In that case we held that the statute
which authorized towns and villages to incorporate for school purposes
only did not authorize them to include within the limits of the proposed
corporation adjacent territory inhabited solely by a rural population.
For a stronger reason they can not embrace territory not inhabited at
all.   That statute authorized towns and villages to incorporate for school
purposes which were empowered to incorporate for municipal purposes
under the provisions of chapter 2 of title 17 of the Revised Statutes.
Sayles' Civ. Stats., art. 541a.   The corporation in the present case was
attempted to be created under article 340a of Sayles' Civil Statutes,
which article reads as follows:  "When a city or town may contain
1000 inhabitants or over it may incorporate as a city or town in the
manner prescribed by chapter 2 of this title," etc.   It follows that the
manner of incorporating towns and villages for school purposes, and
for incorporating cities, towns, and villages for municipal purposes, are
precisely the same; and that if a town is not authorized to embrace
within the limits of its corporation for school purposes territory beyond
the limits of the actual town, a city when it seeks to create a corpora-
tion for municipal purposes must confine itself to its actual boundaries.
This is the literal meaning of the statutes upon this subject.   Who are
empowered to create the corporations?   The inhabitants of cities, towns,
and villages.   What are they empowered to incorporate?   The cities,
towns, and villages themselves, and not also such portions of the adja-
cent territory as their inhabitants may be pleased to embrace within
the limits of the corporation.

    But it is insisted that the boundaries of a municipal corporation is a
question to be determined by the Legislature and not by the courts.
This may be true as to such municipalities as have been or may be es-
tablished by special legislative enactments.   It was so held by this
court in Norris v. The City of Waco, 57 Texas, 635.   So also if the
Legislature had provided that the cities proposing to incorporate under
the general laws should be empowered to embrace territory lying be-
yond their actual limits, it may be that in the clear abuse of the power
it would be the duty of the courts to respect the legislative will and to
hold an incorporation including such additional territory valid.   But
as we construe the law no such power has been granted, and the ques-
tion we have is whether or not the action taken by the inhabitants of
Oak Cliff in attempting to incorporate their city is such as the Legis-

lature empowered them to do or not. This is a judicial and not a legislative inquiry.

But it is also urged that the county judge of Dallas County had the power to determine what the limits of the proposed corporation should be, and that having ordered the election to determine whether or not the city should be incorporated with the limits as proposed by the petitioners his action was conclusive of the question. In support of this proposition we are cited to the case of the State v. Goodwin, 69 Texas, 55. In that case the attempt was to annul the alleged corporation upon the ground that at the time of the election to determine the question whether the city should be incorporated or not it did not contain the number of inhabitants required by the statute in order to empower it to become a body corporate as a city. It was held that the action of the county judge in ordering the election was conclusive upon that question. But the statute provides that the county judge shall order the election "if satisfactory proof is made that the city contains the requisite number of inhabitants." Rev. Stats., art. 508; Sayles Civ. Stats., art. 340a. Since it is made the duty of that officer to inquire into and to be satisfied by proof of the fact that the proposed corporation contains the requisite number of inhabitants before ordering the election, it was very properly held that his decision of the question was intended to be final. But there is no such provision as to fixing the boundaries of the town. He is not invested with the power to withhold the order of election because the proposed limits may embrace territory that ought not to be included. It is proper that the boundaries of a proposed municipal corporation should be distinctly marked by the petitioners in the application to the county judge. This would seem essential in order that it may be definitely known who are entitled to vote at the election to determine the question of incorporation. But we think that the inhabitants of the city or the promoters of the corporation must fix the limits for themselves. From the nature of the case the area occupied by a town or city is so marked by the aggregation of residences and appurtenant structures that it is always practicable to fix the boundaries so as not to include any territory not authorized to be embraced. With a just disposition to respect the rights of the owners of adjacent property, no body of petitioners need make such a mistake as to this matter as will imperil the validity of the act of incorporation.

To rebut the case made by the relators the respondents adduced testimony showing that the city of Oak Cliff had had a remarkable growth; that the increase of its population and area and of its public improvements was without a parallel in our State, and that by reason of these facts the lands embraced in the limits prescribed for the corporation were greatly enhanced in value. It was shown that the values of the real estate belonging to the relators and lying within the limits

had been greatly increased, and that at the time of the trial they far exceeded the price of mere agricultural lands. If it were true that all lands lying adjacent to a city which were enhanced in value by its establishment and growth constituted a part of the city, these facts would be worthy of consideration in determining the case. But such is not the fact. A city does not extend beyond the area occupied by its houses and inhabitants. For the same reason the fact that much of the territory lying beyond the actual city has been laid off into blocks and lots as prospective additions does not aid respondents' case.

We conclude that the court neither erred in overruling the demurrer to the information nor in giving judgment for the State upon the evidence adduced.

But it is complained that the court erred in admitting in evidence a map showing the surveys, etc., within the limits of the pretended corporation. The map was admitted to be correct except as to a portion which was colored with the design to represent the area actually covered by the city. If the case had been on trial before a jury the introduction of the map may have been improper. It may have been calculated to produce a false impression upon the minds of persons unaccustomed to discriminate between legal and illegal evidence, but under the facts of this case it would even then have been no reason for reversing the judgment. At all events it is not to be presumed that the court was in any manner improperly influenced by so much of the map as was not admitted to be correct.

It is also complained that the court erred in not permitting the respondents to prove that one of the relators lived in a thickly settled part of the city. The testimony was offered after the evidence had been closed, and it was probably upon this ground that it was excluded. But there was no error in excluding it, for the reason that it was wholly immaterial as to any issue in this case whether the relator in question resided in the city or not.

It is also insisted that the court erred in rendering judgment dissolving the corporation of the city of Oak Cliff, because the city was not made a party defendant to the suit. If the city had ever been legally incorporated, and if the object of the suit had been to dissolve the corporation for nonuser or misuser, or to oust it from the exercise of franchises not conferred by its charter, it should have been made a respondent in the information. Such, however, is not the nature of the case. The theory of the information is that there is no such corporation as the city of Oak Cliff, and that the respondents are acting as mayor and councilmen of a municipality which does not exist. Logically it would seem that the pretended corporation should not be made a party when the action is based upon the allegation that no corporation has ever in fact been lawfully created. There are authorities which hold that the individuals composing the body corporate are the proper parties to a

proceeding to declare the corporation void. The People v. Railway, 16 Wend., 113; The People v. Carpenter, 24 N. Y., 86; The State v. The Cincinnati, etc., Co., 18 Ohio St., 262; 2 Dill. Mun. Corp., sec. 895; High on Ex. Rem., sec. 753. In Farmer v. The State, 69 Texas, 561, the individual corporators were proceeded against, and a judgment of ouster was rendered against them. The judgment was affirmed in this court, though the question of making the pretended corporation a party was not raised upon the trial.

Since it is impracticable to make all the inhabitants of a de facto municipal corporation parties defendant, we are of the opinion that it is sufficient to proceed against the persons assuming to compose the governing body. Under the information filed in this case, in order to oust the respondents it was necessary to establish the fact that the attempted incorporation of the city of Oak Cliff was void from the beginning, and that being the ground upon which the judgment of ouster was based, it was not error to so declare in the judgment. Without such declaration the judgment conclusively established the invalidity of the incorporation as against the respondents, and they have no right to complain because the judgment so expressly declares.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered May 22, 1891.