## S. A. THOMPSON ET AL. v. THE STATE OF TEXAS.

Decided April 5, 1900.

1. **Incorporation of Towns—County Judge Ordering Election for—Proof Before.**

An application was made to the county judge to order an election for the incorporation of a town under the general law, signed by eighty-two citizens, and stating that the town contains more than 1000 inhabitants. The judge had resided for many years in the town, and, acting on his own knowledge and the representations in the application, ordered the election without formal or other proof as to the number of inhabitants. Held, that the order was not void, as this was a sufficient compliance with the requirements of the statute that he should order the election "if satisfactory proof be made that the town contains the required number of inhabitants." Rev. Stats., arts. 580, 581.

2. **Same—Action of Judge Conclusive.**

The determination of the county judge that the town contains the required number of inhabitants when he ordered the election must be held conclusive where no fraud is alleged or shown.

3. **Same—Proceedings Held Not Premature—Repealing Act.**

A town had been incorporated under a special act of the Legislature, which was subsequently repealed. After the adjournment of the Legislature which passed the repealing act, but before it had gone into effect, an order was made for an election, to be held at a date subsequent to that on which such act would take effect, to determine whether the town should be incorporated under the general law. Held, that the order was not invalid because made while the old incorporation was still in force.

4. **Local Law—Thirty Days Notice—Presumption.**

Where a local law is brought in question, but it is neither pleaded or proved that the thirty days notice of intention to apply for its passage was not given, it will be presumed that it was passed in conformity with the constitutional requirement in this respect. Const., art. 3, sec. 57.

5. **Incorporation of Town—Area Held Not Excessive.**

The incorporation of a town of something more than 1000 inhabitants with an area of 2500 varas square (1107 acres), will not, under the statute prohibiting incorporations with an excessive area be held invalid because 400 acres are used as agricultural lands,

where it appears that they are suitable for town purposes, and that the town is a growing one. Rev. Stats., art. 580.

**6.  Practice on Appeal—Exceptions to Findings Below.**

Where, in a case tried below without a jury, the record shows that the judgment overruling a motion for new trial was excepted to the appellant is not precluded from attacking the trial court's finding of law and fact, though exceptions were not taken below to such findings.

APPEAL from Cherokee.  Tried below before Hon. TOM C. DAVIS.

*Wilson & Watkins,* for appellants.

*W. E. Donley,* District Attorney, and *Weeks & Fleager,* for appellee.

GARRETT, CHIEF JUSTICE.—The State of Texas, upon the relation of the district attorney in and for the Second Judicial District, filed an information in the nature of a quo warranto against the appellants to oust them from the offices of mayor, aldermen, and city marshal of the town of Jacksonville, in Cherokee County, and to have the incorporation of said town declared null and void.  A trial was had before the court, without a jury, and judgment of ouster was rendered as prayed for.

The town of Jacksonville was incorporated by a special act of the Thirteenth Legislature, passed May 7, 1873, with one square mile of territory.  This act was repealed by an act of the Twenty-sixth Legislature which became a law without the approval of the Governor, and went into effect on August 26, 1899, ninety days after adjournment.  On August 10, 1899, eighty-two residents of the town who would be qualified voters in the proposed corporation filed an application in the office of the county judge of Cherokee County for an incorporation of the town under the general law.  Said application was accompanied by a map of the proposed town, and defined its boundaries as 2500 varas square, with the railroad depot in the center, containing 1107 acres. The applicants represented that more than 1000 and less than 10,000 inhabitants were contained within the boundaries defined.  The county judge did not hear any formal proof as to the number of inhabitants within said boundaries, but acting alone upon the representations made in the application and his own knowledge that they were true, on August 11, 1899, ordered an election to be held on Tuesday, August 29, 1899, to decide whether or not said town should incorporate as the town of Jacksonville within the boundaries set out in the application and the order of the county judge.  Said order was duly entered in the minutes of the Commissioners Court.  It recited that satisfactory proof had been made to the court that the boundaries defined therein contained more than 1000 inhabitants, and was in all respects in due form.  The election was regularly held on August 29, 1899, and resulted in 194 votes in favor of the incorporation of said town and nine against it.  The result of the election was duly ascer-

tained, and an order was made declaring the town to be incorporated as provided by law. The appellants were afterwards, on September 20, 1899, elected to the several offices claimed by them, at an election in all respects regular if the incorporation of the town was valid, and have qualified as such officers. About 400 acres of the land included within the defined boundaries were used as agricultural lands, but were suitable for town purposes. The town is a growing town, and an excessive amount of vacant territory was not incorporated.

The court below held that the incorporation was void because the county judge did not hear proof as to the requisite number of inhabitants. Other questions raised were decided in favor of appellants. Article 581 of the Revised Statutes makes it the duty of the county judge to order the election when an application has been made in conformity with article 580, "if satisfactory proof is made that the town or village contains the requisite number of inhabitants." Jacksonville had been an incorporated town since the year 1873; the county judge had been a resident thereof and was well acquainted with its area and population, and knew that it contained more than one thousand inhabitants; the signers of the application were known to him to be reputable citizens of the town, and they stated in the application that the town contained more than one thousand inhabitants. He testified that he made the order upon his own knowledge as to the number of inhabitants in the town and within the boundaries set out in the application, and on the representations of the signers thereof made therein as to the number. The method by which the proof shall be made is not prescribed by the statute. An extrajudicial investigation is intended by the statute, and as such it is not confined to the swearing and hearing of witnesses. It is left to the discretion of the county judge, and he has the power to adopt any method by which the facts could be ascertained. Rev. Stats., arts. 385, 551; Porter v. State, 78 Texas, 594; Graham v. City of Greenville, 67 Texas, 62.

The representations contained in the application as to the number of inhabitants must be regarded as in the nature of proof, and not as a mere averment or allegation to be proved. This, aided by the personal knowledge of the county judge as to the truth of the fact represented, was a sufficient compliance with the statute. We also think that the determination of the county judge that the town contained the requisite number of inhabitants when he ordered the election was conclusive, no fraud having been alleged or shown. State v. Goodwin, 69 Texas, 58; Ewing v. State, 81 Texas, 178; Scarborough v. Eubank, 93 Texas, 106; Porter v. State, supra. It is not denied that more than one thousand inhabitants resided within the boundaries defined in the application, or that the election was regular in every other respect. In Huff v. Pruett, 53 Southwestern Reporter, 844, decided by the Court of Civil Appeals of the Second District, it was held that the proceeding to incorporate was a special proceeding in which the hearing of proof was jurisdictional, and that the knowledge or opinion of the county

judge was not proof, and inferentially that the action of the county judge in ordering the election was not conclusive of the fact to be proved. Afterwards in disposing of a motion for a rehearing based on the opinion of the Supreme Court in Scarborough v. Eubank, the court recognized that case as in conflict with their decision of Huff v. Pruett. See Huff v. Pruett, 54 S. W. Rep., 610.

It is contended on behalf of the State that even if the county judge acted upon satisfactory proof, or if his action in ordering the election was conclusive of the fact that the town contained the requisite number of inhabitants, yet the judgment of the court below should be affirmed on the other grounds urged to show that the election was not valid. These grounds were that (1) the original incorporation was in existence when the election was ordered; (2) the original incorporation was in existence when the election was held, for the reason that the special act of the Twenty-sixth Legislature repealing the original act of incorporation is unconstitutional, because it was a local law of which no notice was given as provided by section 57, article 3, of the Constitution; and (3) because the boundaries contained land not adapted to and not intended for city purposes. When the election was ordered the law repealing the old charter had been enacted, and the Legislature had adjourned, and it lacked only a few days until it would take effect and the corporation would pass out of existence. There was nothing that could intervene to prevent its taking effect. In order to prevent a greater hiatus than necessary in the administration of a town government the election was ordered before the old corporation became defunct. No reason whatever can be given why the proceedings for the incorporation of the town anew should be void because they were commenced while the old corporation was still in existence.

It was neither pleaded nor proved that notice was not given of the intention to apply for the passage of the law repealing the charter, and in the absence of such pleading and proof, it will be presumed that the act was passed in conformity with the requirements of the Constitution. This court, however, would hesitate to hold that the Legislature could not repeal the charter of a municipal corporation without giving notice of its intention to do so, although the law would be local in its application.

It was shown that Jacksonville was a growing town, and that the agricultural lands included in the boundaries were adapted for town purposes. It is a question of fact whether or not the included area is included strictly for town purposes. State v. Baird, 79 Texas, 63; School Incorporation v. School District, 81 Texas, 151. The trial court found that there was within the boundaries of the incorporation at the time about 400 acres of land which was then being used for agricultural purposes, but that all the area within the limits was suitable for town purposes, and the town was rapidly growing, and in several places the settlements were out to and beyond the lines. Article 580

of the Revised Statutes, as amended in 1897, under which the incorporation was made, provides that no territory shall be included except that which is intended to be used for strictly town purposes, and an act passed in 1895 fixes the limit of territory to be incorporated. Gen. Laws 1895, p. 17; Rev. Stats., art. 386a. The Act of 1895 provides that no city or town having less than 2000 inhabitants shall be incorporated with more than two square miles of territory. This legislation was no doubt suggested by the decisions of the courts with reference to the inclusion of excessive territory in such incorporations. Mathews v. State, 82 Texas, 584.

Construing the two acts together, we are of the opinion that both may stand, the Act of 1895 peventing the incorporation of a greater area than two square miles when the population is less than 2000, and the Act of 1897 preventing the inclusion, even within these limits, of territory not intended to be used strictly for town purposes. But as above stated, it is a question of fact, and we are of the opinion that the finding of the trial court should be sustained.

Counsel for the State insists that the court can only inquire whether the pleadings justify the judgment, and should disregard appellants' assignments because they failed to except to the findings of law and fact, and did not except to the judgment. The record shows that the judgment overruling the motion for a new trial was excepted to. When the judgment of the court below has been excepted to, the appellant is not precluded from attacking the findings of the trial judge, though exceptions were not taken to the findings. Voight v. Mackle, 71 Texas, 78.

For the error in the court below in holding the incorporation void because the county judge did not hear proof of the requisite number of inhabitants, its judgment will be reversed and judgment will be rendered in favor of the appellants.

*Reversed and rendered.*