WILSON et al. v. BROWN et al.

(Court of Civil Appeals of Texas. Dallas. March 2, 1912.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 24*)— CREATION OF DISTRICTS—COLLATERAL ATTACK.

Where creation of a school district is authorized by statute, and it has been organized under color of such authority, its corporate existence and rights of its trustees to exercise their functions cannot be collaterally attacked, on allegations of mere irregularity in its or-

ganization; but in such case the incorporation must be questioned by suit in the name of the state, or, under authority of the state, by some individual having a special interest affected by existence of the corporation.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 42, 45, 47–49; Dec. Dig. § 24.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 27*)— ORGANIZATION—TOWN OF 200 INHABITANTS —CONCLUSIVENESS OF FINDING.

Under a statute requiring that, before the county judge may order an election on the question of incorporation of territory as an independent school district, satisfactory proof must be made to him of there being a town of 200 inhabitants, and making no provisions for revision of his finding thereon, such finding is conclusive, especially in the absence of allegation of fraud on his part, which is not made by allegation that there was no town of such population in such territory, and that no evidence was introduced that there was one.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 45; Dec. Dig. § 27.*]

3. APPEAL AND ERROR (§ 1029*)—HARMLESS ERROR.

Plaintiffs, not being entitled to maintain the suit, may not complain of any error in answers to question of law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4035, 4036; Dec. Dig. § 1029.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 27*)— CREATION OF DISTRICT—INACCURACIES IN FIELD NOTES AND MAP OF SURVEY.

Inaccuracy in the field notes of a survey for creation of a school district, and a corresponding inaccuracy in the map made by the surveyor, arising from his understanding the statement that the point to which he had surveyed was R.'s corner, as one that he was at the corner of R.'s survey, and which may be cured by rejecting as surplusage the words, after a call for course and distance, "to the S. E. corner of R.'s survey" does not render void the incorporation of the school district.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 45; Dec. Dig. § 27.*]

5. APPEAL AND ERROR (§ 747*).

A cross-assignment error contained in appellees' brief may not be considered; the record not showing the assignment was filed in the trial court, and neither brief appearing to have been filed there.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3053–3057; Dec. Dig. § 747.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by T. B. Wilson and others against Ed S. Brown and others. Judgment for defendants. Plaintiffs appeal. Affirmed.

T. C. Andrews, L. C. Clifton, and Wallace Hughston, for appellants. R. C. Merritt, for appellees.

TALBOT, J. This is an action brought by T. B. Wilson and 12 other citizens of Collin county, Tex., against Ed S. Brown, as tax collector of said county, I. E. Reeves, as tax assessor of said county, and the other appellees, as trustees of the Lavon independent school district, to dissolve said district and

restrain the selling of bonds issued by said trustees for school purposes and the collection of taxes levied for maintenance purposes and to pay said bonds, etc. It is alleged, in substance, among other things: That the trustees of said school district elected J. Patterson tax assessor of said district, but that they have never elected a tax collector for the same. That said Patterson has never qualified as tax assessor, and that neither he nor the tax assessor of Collin county, Tex., has ever assessed the taxes of said district. That said trustees elected or pretended to elect a board of equalizers for said school district, but that, according to their information and belief, the persons elected to act as such have never qualified or done any act in line with their duties. That the Lavon independent school district is not a valid and subsisting corporation. That the order of the court attempting to create said district, and all the proceedings thereunder, including the election of trustees, the elections in regard to the levy of taxes, and issuance of the bonds, etc., are void for the following reasons: (1) There was not a village in said district containing 200 inhabitants, and no evidence introduced that there was. (2) The field notes marking the boundary lines of said district conflict with another school district, do not close, and are so indefinite and unintelligible that it is impossible to compute or even approximate the amount of land contained therein. (3) The map or plat of said district is so inaccurately drawn that it is wholly defective and insufficient, and, instead of aiding and explaining the defective field notes, it makes them more confusing. (4) The Lavon independent school district did not have any existence, actual or pretended, until the 13th day of June, 1910, and therefore had no authority to levy and collect a tax for the year 1910, as the law does not contemplate the assessment and collection of taxes for any purpose except such purposes as were in existence on the 1st of January of that year. (5) There was no legal board of equalization to pass upon the tax rolls of said district. The case was tried by the court without a jury, and judgment rendered in favor of the plaintiffs enjoining the collection of the taxes for the year 1910, and in favor of the defendants on all other issues. From this judgment, in so far as it was favorable to the defendants, the plaintiffs appealed.

Appellants' first and second assignments of error are grouped, and are to the following effect: "(1) The court erred in sustaining special exception No. 1 contained in defendants' original answer, which is as follows: 'Defendants specially except to subdivision 15 of said original petition as set out that said independent school district does not contain a village of 200 inhabitants, because, as shown by subdivision 3 of said petition, said matters were passed upon by the county

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

judge of Collin county, Tex., who ordered the election to determine whether or not said district should incorporate as an independent school district, and the order of said county judge ordering said election is conclusive and binding upon all the parties, and this court cannot now go behind the order of said county judge as a fact that the village of Lavon, situated in said district, contained 200 inhabitants, and of this defendants pray judgment of the court.' (2) The court erred in its answer to the first question of law propounded by the plaintiffs, which is as follows: 'Are not the allegations in plaintiffs' original petition sufficient to show that the county judge participated in the legal fraud in the ordering the election allowing said territory to incorporate for free school purposes?' The answer to the question being as follows: 'No, the allegations in plaintiffs' petition are not sufficient to charge that the county judge acted fraudulently or corruptly in ordering said election.'" The proposition contended for under these assignments is that "the allegations in the plaintiffs' petition are sufficient to charge fraud in the ordering of the election."

The allegations of the petition at which the special exception was leveled, and to which the court's answer referred to in the second assignment related, are as follows: "(15) Section 149, chapter 124, of the Acts of Twenty-Ninth Legislature, allows the incorporation of independent school districts where the territory to be incorporated contains a town or village having 200 inhabitants or over. In the case of the Lavon independent school district there is no town or village having as much as 100 inhabitants, much less having 200 inhabitants. There never was any town or village in this territory having 200 inhabitants, and there was no occasion for any one to believe or to find as a fact that such territory did have such town or village, and there was not any evidence produced before the court to show such to be the facts, and if this school district is permitted to remain and is not set aside and the corporation not ordered dissolved, it will be a fraud on the bondholders or other creditors of said school district, for the reason that the bonds are to be sold upon the faith and representation that such town or village does exist, and it is inequitable and unjust to permit said board of trustees or their successors to offer for sale or to have registered with the Attorney General bonds upon an independent school district in which there is no city or town as is required by the laws of this state."

[1, 2] The court did not err in either of these rulings. It is well settled by the decisions of this state that, where the creation of a school district is authorized by statute and has been organized under color of such authority, its corporate existence and the rights of the trustees to exercise their functions as

145 S.W.—41

such cannot be inquired into in a collateral proceeding upon allegations which show mere irregularities in its organization. In such a case the validity of the incorporation must be called in question and determined in a suit instituted in the name of the state, or by some individual under the authority of the state, who has a special interest which is affected by the existence of the corporation. City of El Paso v. Ruckman, 92 Tex. 89, 46 S. W. 26; Coffman et al. v. Goree Independent School District et al., 141 S. W. 132; Graham v. City of Greenville, 67 Tex. 62, 2 S. W. 742; Railway Co. v. Bratcher et al., 118 S. W. 1091. If the incorporation of the district be absolutely void, it seems it would be subject to attack in any suit in which the right of the citizen was involved. Parks v. West, 102 Tex. 11, 111 S. W. 726; Coffman et al. v. Goree Independent School District et al., supra. Such is not the case we have under consideration. The grounds upon which appellants seek to have the incorporation of the Lavon independent school district declared invalid constitute mere irregularities in the creation of said district which do not of themselves render the incorporation void. The principle announced in the case of City of El Paso v. Ruckman, supra, to the effect that when the creation of a public corporation, municipal or quasi municipal, is authorized by statute, and a corporation has been organized under color of such authority, the validity of the incorporation can only be determined in an action brought for that purpose in the name of the state or by some individual under the authority of the state who has a special interest which is affected by the existence of the corporation, seems to be "supported by the almost unanimous consensus of judicial opinion." 10 Cyc. p. 256. But aside from this view of the matter, there was no error in the court's action. The allegations of the plaintiffs' petition to the effect that there was not, in the territory comprising the Lavon independent school district, a town or village containing 200 inhabitants, and that no evidence was produced showing such to be the facts, are insufficient, as held by the trial court, to charge that the county judge acted with either actual or legal fraud in ordering the election to determine whether or not said district should be created, and furnished no basis for an inquiry into the truth of said allegations in a suit of this character. The statute requires that, before the county judge is authorized to order an election to determine whether or not a given territory shall be incorporated as an independent school district, satisfactory proof must be made to him that there is within that territory a town or village containing 200 inhabitants, and no provision is made for the revision of his finding in regard thereto. This being true, it seems evident that the statute intended to make the finding of the county judge, especially in the absence of a-

legations of fraud on his part, conclusive of the question. The principle was enunciated and applied in the following cases: State v. Goodwin, 69 Tex. 55, 5 S. W. 678; Scarborough et al. v. Eubank, 93 Tex. 106, 53 S. W. 573; Word v. Schow, 29 Tex. Civ. App. 120, 68 S. W. 192; Ewing v. State, 81 Tex. 172, 16 S. W. 872.

The third and fourth assignments of error are presented together, and are as follows: "(3) The court erred in its answer to the second question of law propounded to it by the plaintiffs; the question being as follows: 'In the establishing of school districts, can the court set aside any particular call of the field notes or map in order to make it harmonize with the footsteps of the surveyor?' And the answer being as follows: 'The court can harmonize a call where there are two calls, one of which will harmonize with the actual line run by the surveyor and make a valid district, and one of which will not make, and the court can accept the call that follows the surveyor's footsteps, and make a correct district, and reject the call that would defeat the district and which does not follow the surveyor's line, and the court can reject a mistake in the map.' (4) The court erred in its answer to the third question of law propounded to it by plaintiffs; the question being as follows: 'Will the general rules followed in actions of trespass to try title in regard to setting aside course and distance in order to make calls harmonize be applied in a case like this?' The answer being: 'Yes.'"

[3, 4] Appellants urge 10 propositions under these assignments, but we do not regard it necessary to state and discuss them in detail. As held in a former part of this opinion, the appellants were not entitled to maintain this suit to have the incorporation of the Lavon independent school district annulled, and they are in no position to ask that the case be reversed on either of the grounds urged in these assignments. We are of opinion, however, that the court answered the questions propounded to him, as shown in the assignments, correctly. The court made the following findings: "The map of said district and the field notes varied in the following respects: The field notes had the following calls: 'Thence west 72 chains and 30 links to the S. E. corner of the T. F. Roberts survey at R. L. Brown's N. E. corner in a drain in the S. M. Rainer N. B. line; thence in a southerly direction with said drain in southing 40 chains, etc.' The footsteps of surveyor and the district did not extend to the corner of the T. F. Roberts survey, but stopped at R. L. Brown's N. E. corner in a drain and thence south with said drain 40 chains, etc., but the map showed the line to extend west to the T. F. Roberts survey and thence south. This mistake was made, so the surveyor testified, in the following manner: In running the line west on

the N. B. line of the Rainer survey, he actually went to Robert L. Brown's N. E. corner in the drain and thence south, etc. And when he got to said point he was informed by the chain carriers who lived near there that he was at Robert's corner, and he thought they meant the corner of the Roberts survey, and after he drew the map he learned that they meant Robert Brown's corner. I find that the survey actually ran the line on the N. B. line of the Rainer to R. L. Brown's N. E. corner in a drain, and there was a mistake in the map in extending the line to the Roberts survey corner. To the seventh the court finds: The field notes, by treating the following words as surplusage, 'to the S. E. corner of the T. F. Roberts survey,' corresponded with the footsteps of the surveyor. I find if you take the following call, 'thence west 72 chains, and stop on Robert L. Brown's N. E. corner in a drain, and go thence south with said drain,' that the field notes correspond with the footsteps of the surveyor. I further find that the surveyor actually ran the line as thus indicated, but made a mistake in preparing the map so as to go to the S. E. corner of the T. F. Roberts survey." These findings are amply supported by the evidence, and the court did not err in holding that the incorporation of the Lavon independent school district was not rendered void by reason of the incorrect calls in the field notes or inaccurate delineation of the territory incorporated on the map accompanying the same. Indeed, the entire absence of a map would not invalidate the incorporation. State v. Hoard, 94 Tex. 527, 62 S. W. 1054.

This disposes of all of appellants' assignments of error, and what we have said results in an affirmance of the case.

[5] The appellees' brief contains a cross-assignment of error, but the record does not show that it was filed in the court below; nor does either of the briefs appear to have been filed in that court. This being true, the assignment cannot be considered by this court.

The judgment of the court below is affirmed.