**STATE ex rel. REA et al. v. ETHERIDGE et al. (No. 620.)**

Court of Civil Appeals of Texas. Eastland.
Sept. 20, 1929.

Rehearing Denied Oct. 28, 1929.

Hamner & Ponder, of Sweetwater, for appellants.

J. M. Harris and Jno. E. Sentell, both of Snyder, for appellees.

FUNDERBURK, J. This is an action of quo warranto brought by the state of Texas, acting by and through George H. Mahon, district attorney, on the relation of T. J. Rea and other residents of the town of Hermleigh in Scurry county, against the mayor, clerk, or secretary and aldermen of said town. Where not otherwise designated, the parties will be referred to as relators and respondents. Relators' petition, in effect, concedes the validity of the incorporation of the town of Hermleigh on June 21, 1927, and challenges the validity of an attempt on November 4, 1927, of the mayor and aldermen to adopt by ordinance the provisions of title 28 of the Revised Statutes of 1925, as provided in article 961. The judgment of the trial court was for the respondents, and relators have appealed.

Relators contend that the judgment of the trial court is erroneous and should be reversed because: (1st) The town of Hermleigh, at the time it attempted to adopt the provision of title 28 aforesaid, contained less than 600 inhabitants and did not contain one or more manufacturing establishments within its bounds; (2d) that the action of the town council in attempting to adopt the provisions of said title 28 was void for the reason that it was not passed by "a two-thirds vote of the council"; (3d) that such attempt to adopt the provisions of said title was void for the reason that the attempted passage of the ordinance was done at a special, rather than a regular, meeting of the council. Other contentions made are deemed as but in aid of those just mentioned, and will not require separate discussion.

The trial court, presumably in response to proper request, filed conclusions of law and fact, among the findings being that the town of Hermleigh was incorporated as a town or village, containing more than 400 inhabitants on June 21, 1927, and that said incorporation existed on November 14, 1927, upon which latter date the council of said town met in regular session, being a recessed meeting from the regular session, which convened November 4th previously; that at said meeting there were present the mayor and all five aldermen of the town; that the ordinance to adopt the provision of title 28, Rev. St. 1925, was put to a vote of the council and three of the aldermen voted in favor of same, one against it, and one refused to vote; that a copy of the ordinance and action of the council was duly entered upon the journal of the proceedings, and a copy of same signed by the mayor and attested by the clerk under seal was duly filed in the office of the county clerk of Scurry county, the county in which said town is situated.

The court further found that on the 14th day of November, 1927, there was located in said town of Hermleigh three cotton gins engaged in ginning and handling cotton, and one newspaper plant engaged in the publishing of a newspaper and doing general job printing, including the making of telephone directories, etc.

It was further found that on the 3d day of April, 1928, there was held in said town an election to elect a city council, as the result of which there was elected and duly acting, W. R. Terry, mayor, and John Etheridge, Warren Forgason, T. W. Atchley, J. I. Chorn, and Joe Remish, aldermen, and that Henry Gleastin was the duly elected and acting clerk.

The trial court concluded that a quorum

of the council being present, the statute required a two-thirds vote of only those present and voting, in order to accept the provisions of title 28, and that as only four members of the council voted on the proposition, three of them voting for the acceptance of the provisions of said title, such acceptance was in compliance with the statute. It was also concluded that on the 4th day of November, 1927, the town of Hermleigh contained more than one manufacturing establishment, as contemplated by the statute, and that the town was duly incorporated under said title 28 with the respondents as its duly acting officers.

■ We will first consider relators' contention that the attempted adoption of the ordinance accepting the provisions of title 28 was void for the reason that it was not passed by a two-thirds vote of the council. Article 961 provides that any incorporated city, town, or village containing 600 inhabitants or over, however legally incorporated, may adopt the provisions of said title. It is further provided that any incorporated city, town, or village of whatever population containing one or more manufacturing establishments within the corporate limits may accept the provisions of such title relating to cities and towns in lieu of any existing charter "by a two-thirds vote of the council of such city," or "town had at a regular meeting thereof, and entered upon the journal of their proceedings, and a copy of the same signed by the mayor and attested by the clerk or secretary under the corporate seal, filed and recorded in the office of the county clerk in which such city, town or village is situated." Rev. St. 1925, art. 1145, applicable to the town of Hermleigh at the time this action was attempted to be taken, provides that the mayor and three aldermen shall constitute a quorum for the transaction of business including the enactment of ordinances. The question presented for decision is whether, with the mayor and all five aldermen present at a meeting, a proposition to adopt an ordinance is voted for by three members and voted against by one, with one other member and the mayor not voting, such action constitutes a legal adoption of the ordinance by a two-thirds vote of the council. We are of the opinion that the conclusion of the trial court in this respect should be sustained. There was a legal quorum present. "While there is contrary authority, it has generally been held that the number of lawful votes actually cast decides the question, and that if a quorum is present an election or measure is determined by the majority of votes actually cast, although an equal or even a greater number refuse or fail to vote." 43 C. J. 510, § 582. We believe the above statement from the text of Corpus Juris is a correct declaration of the rule applicable to the question presented here. A good discussion of the reasons for the rule will be found in Rushville Gas Co. v. City of Rushville, 121 Ind. 206, 23 N. E. 72, 6 L. R. A. 315, 16 Am. St. Rep. 388. If a legal quorum be present, the council has power to act. It can only act by yea and nay votes. If two-thirds of the votes cast are for adoption of the ordinance, the requirement of the statute is met.

We do not feel justified in disturbing the finding of the trial court that the passage of the ordinance was at a recessed session of a regular meeting. The proposition under which relators contend to the contrary is not accompanied with any statement from the record or evidence showing the contrary. We think, at least, there was an issue of fact raised as to this matter upon which the finding of the trial court is binding.

■ We have experienced the greatest difficulty in determining whether it is our duty to undertake to decide whether or not there was sufficient evidence to show that, at the time of the adoption of the ordinance in question, the town of Hermleigh contained within its bounds one or more manufacturing establishments within the purview of the statute. Relators' pleading tendered an issue that the respondents, as a basis for the adoption of the ordinance in question, fraudulently found or determined that the town contained one or more manufacturing establishments. The trial court, however, made no finding whatever on the question of fraud, save as a finding against the existence of fraud may be implied from the findings and conclusions that the town did, in fact, contain one or more manufacturing establishments. The question then presents itself as to whether, in the absence of fraud, it was proper for the court to hear evidence and determine whether or not there existed, at the time, one or more manufacturing establishments. Necessarily, it seems to us, a duty rested upon some one or more persons to determine the fact as a prerequisite to the passage of the ordinance. The law does not undertake to prescribe who shall perform such duty, nor any procedure for or manner of its performance. The very terms of the statute imply a discretion as to whether a city or town qualified to do so shall adopt the provisions of title 28. Manifestly, any city or town adopting the provisions of said title must act through its council. Whether there be as many as 600 inhabitants, or whether, in the absence of 600 inhabitants, there be one or more manufacturing establishments, is a question of fact. It is easily conceivable that, under some circumstances it might be necessary for a city or town council to hold extended hearings to determine the facts authorizing the adoption of any such ordinance as the one in question. The duty of the council by such procedure and in such manner as it may determine—since it is not otherwise prescribed by statute—to investigate and determine the existence of the requisite population, or the existence of one or more manufacturing establishments, is as

certainly implied, we think, as though the statute had expressly imposed such duty.

Justice Gaines made application of the same principle in Scarbrough v. Eubank, 93 Tex. 106, 53 S. W. 573, 574. The Supreme Court was called upon to determine whether the validity of a county site election could be contested on the ground that the county judge who ordered it had no authority to do so because of the disqualification of some of the applicants, the applicants not claimed to be disqualified being less than the requisite number prescribed by statute. It was held that the act of the county judge in ordering the election implied a determination by him of the qualification of the applicants just as certainly as though the duty to do so had been imposed by express statutory mandate. In the opinion it was said: "The precise question, so far as we have been able to discover, has never been decided in this court; but we think the principle which controls its decision was announced and acted upon in the case of the State v. [Goowin], 69 Texas, 55, 5 S. W. 678. In that case the county judge had ordered an election to determine whether or not the city of Wills Point should be incorporated under the general law. He was empowered to order the election upon presentation of a petition therefor signed by fifty electors, and satisfactory proof that the city had the requisite population for a municipal corporation of the class designated. It was sought to set aside the election on the ground that the county judge erroneously found that the city contained the necessary number of inhabitants. It was held that the action of the county judge was not subject to review. It seems to us that the ruling would necessarily have been the same had the attack been made upon the ground that of the fifty names signed to the petition there were less than fifty who were legal voters. The only apparent difference is that in the one case the statute expressly requires that the judge shall be satisfied by proof as to the required population, while in the other nothing is said as to his hearing proof as to the competency of the petitioners. *But it is obvious that what is expressly demanded in the one instance is impliedly required in the other.* [Italics ours.] In the latter case, before the judge is authorized to act upon the petition of fifty electors, he must determine that fifty qualified voters living in the designated territory have signed the petition. So that, if his determination of the question be conclusive as to the one matter, why not as to the other?"

The character of action involved in such determination, when imposed upon officials, is denominated "quasi judicial." "When an inferior officer or board is charged with an administrative duty, the performance of which * * * depends upon and requires the existence or ascertainment of facts, the investigation and determination of such facts is so-called 'quasi judicial action.'" Austin v. Eddy, 41 S. D. 640, 172 N. W. 517, 518. By our own courts it is held that the distinction between ministerial and judicial and other official acts is that, where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial, but where the act involves the exercise of discretion or judgment in determining whether the duty exists, it is not to be deemed merely ministerial. Commissioner v. Smith, 5 Tex. 471; Burnam v. Terrell, 97 Tex. 309, 78 S. W. 500; Boynton v. Brown (Tex. Civ. App.) 164 S. W. 893. The discretion involved in the last-cited case was whether or not a petition was signed by 10 per cent. of the qualified voters and which, therefore, involved a determination of the total number of voters and of their qualifications.

The act of the council in determining the matter of population or the existence of one or more manufacturing establishments within the town being a quasi judicial act, how can the jurisdiction of a court be invoked to determine that same question? Although the answer is not free from difficulty, we have reached the conclusion that, in the absence of fraud, the determination of the council is conclusive upon the courts.

The Supreme Court in State v. Goowin, 69 Tex. 55, 5 S. W. 678, says: "The Legislature, * * * may make the fact of incorporation or no incorporation to depend on the action and determination of some official or tribunal, whose determination the courts will have no power to revise, and if this be done, in a proceeding by quo warranto against persons who assume to exercise powers given by the act of incorporation no inquiry can be made into the legality of the corporation."

Applying this principle the court then declared that the law having required that the county judge order an election when satisfactory proof was made that the territory sought to be embraced within the contemplated corporation has the population prescribed for a municipal corporation of the given class, the determination of the matter was not subject to review by the courts. A statement later in the opinion that there was no averment of fraud implies that the allegation and proof of fraud would constitute an exception.

In addition to State v. Goowin, supra, and Scarbrough v. Eubank, supra, other decisions holding that, in the absence of fraud, the determination of a question, even though erroneous, of the quasi judicial nature this is determined to be, is conclusive, may be mentioned: Word v. Schow, 29 Tex. Civ. App. 120, 68 S. W. 192; State v. Larkin, 41 Tex. Civ. App. 253, 90 S. W. 916; Thompson v. State, 23 Tex. Civ. App. 370, 56 S. W. 604; McCormick v. Jester, 53 Tex. Civ. App. 306, 115 S. W. 287.

In Ewing v. State, 81 Tex. 172, 16 S. W. 872, the Supreme Court decision relied on by relators, Justice Gaines seems to make the dis-

tinction between that case and Goowin v. State to rest in the fact that the law confided no duty or discretion to the judge ordering the election as to the territory sought to be incorporated.

We think, unquestionably, in the case at bar a discretion was vested and that the case is ruled by the principles announced in the Goowin Case rather than the Ewing Case. Such being our conclusion, in the absence of any evidence of fraud, we think it unnecessary for us to determine whether or not the evidence was sufficient to show that, at the time of the adoption of title 28, there existed in the town of Hermleigh one or more manufacturing establishments.

The judgment of the trial court will be affirmed.