S. J. ELLIS et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 16427.

Court of Civil Appeals of Texas.

Dallas.

Oct. 9, 1964.

Rehearing Denied Nov. 13, 1964.

Jess Rickman, Terrell, for appellants.

Harold Hollingsworth and Floyd Shumpert, Kaufman, Strasburger, Price, Kelton, Miller & Martin, and Royal H. Brin, Jr., Dallas, for appellee.

BATEMAN, Justice.

By this action in quo warranto the State of Texas sought dissolution of the incorporated village of Lawrence, in Kaufman County, and the ouster of its elected officials. Based upon a jury verdict, the court rendered judgment granting the relief prayed. Being of the opinion that the jury findings are well supported by pleading and proof and legally adequate to support the judgment, we affirm it.

Incorporation of the village of Lawrence was attempted under the authority of Chapter 11, Title 28 (Articles 1133–1153a), Vernon's Ann.Civ.Statutes. Article 1133 authorizes the incorporation of a town or village when it contains more than two hundred and less than ten thousand inhabitants. Article 1134 prescribes that the application for incorporation shall be filed in the office of the county judge and shall state the boundaries of the proposed town or village, accompanied by a plat thereof, "including therein no territory except that which is intended to be used for strictly town purposes." Article 1136 provides *inter alia*: "If satisfactory proof is made that the town or village contains the requisite number of inhabitants, the county judge shall make an order for holding an election * * * for the purpose of submitting the question to a vote of the people. * * *"

It was alleged, and the jury found, that at the time the county judge ordered the election, and at the time of the election, there were not over two hundred people within the boundaries of the village. There was ample proof to support this finding and appellants do not say otherwise. They contend under their first point of error on appeal that the lack of the requisite number of inhabitants was a mere "irregularity" and insufficient, absent a showing that it affected the result of the election, to warrant setting the same aside.

■ The authorities cited by appellants in support of this point involve departures from strict statutory directions as to the manner of holding elections, and announce the general rule that such irregularities do not invalidate elections unless they can be shown to have affected the result. But here the attack on the validity of the election goes much further than to point up mere irregularities—here the assault is upon the very right of the people to hold the election. Under our decisions such a right is not inherent in the people; it is derived from the law. 21 Tex.Jur.2d, Elections, p. 282, § 52. As said in Smith v. Morton Ind. School Dist., Tex.Civ.App., 85 S.W.2d 853, 854, wr. dism.:

"In our form of government elections must be held by virtue of some legal authority, and an election held without affirmative statutory authority or contrary to a material provision of the law is universally held to be a nullity."

■ We know of no statutory authority for a group of two hundred or less to incorporate their community. If there were not more than two hundred people living in the village in question, there was no authority for the incorporation of the village, from which it follows that there was no right in the people to hold the election. "The proceeding to obtain the election is clearly special in its character, and the power and authority of the county judge do not arise until the statute has been complied with in all its essential particulars."* That being true, appellee was under no burden to show that the result of the election was affected, and appellants' first point of error is overruled.

By their second and third points of error appellants say that this proceeding consti-

* Huff v. Preuitt, Tex.Civ.App., 53 S.W. 844, no wr. hist.

tuted a collateral attack on the election order and that the court, by overruling their motions for instructed verdict and for judgment *non obstante veredicto*, erroneously held that the county judge acted fraudulently in ordering the election. They argue that, since no provision is made in the law for a revision, or even a review, of the implied finding of the county judge that there were more than two hundred inhabitants in the village to be incorporated, the election order was final and appellee should not have been permitted to go behind it. They cite a number of cases which seem to support this view, such as State ex rel. Goodnight v. Goodwin, 69 Tex. 55, 5 S.W. 678; Thompson v. State ex rel. Donley, 23 Tex.Civ.App. 370, 56 S.W. 603; Wilson v. Brown, Tex.Civ.App., 145 S.W. 639; Wilbern v. Cone, Tex.Civ.App., 148 S.W. 818, wr. ref.; School Board of City of Marshall v. State ex rel. Warbritton, 162 Tex. 9, 343 S.W.2d 247; State ex rel. Burkett v. Town of Clyde, Tex.Civ.App., 18 S.W.2d 202, wr. ref., and others. It is well settled that when the county judge receives proof satisfactory to him that there are more than two hundred inhabitants in the village to be incorporated, *and there is no charge of fraud or arbitrary action on his part*, his decision is not subject to review and is final.

■ However, in practically all of the cases cited by appellants in support of that rule it is carefully pointed out that there was no pleading or proof of fraud or bad faith on the part of the judge ordering the election. It was alleged in this case that the county judge did not hold a hearing to determine whether there were more than two hundred people in the area, "but arbitrarily ordered the election without any reliable evidence as to the number of people within the boundaries of the proposed town." There was evidence of probative force to support this allegation; it was submitted to the jury, and the jury found that the county judge acted arbitrarily in ordering the election. In connection with this special issue the court instructed the jury that "the word 'arbitrarily' means in an arbi-

trary manner, and arbitrary means fixed or done capriciously or at pleasure; without adequate determining principle; not founded in the nature of things; nonrational; not done or acting according to reason or judgment; depending on the will alone; absolutely in power; capriciously; tyranical; despotic." Appellants do not complain here that those instructions were erroneous, and they do not attack the sufficiency of the evidence to support the jury finding. Under our view of the case, this finding made mandatory the judgment that was rendered.

■ Appellants' contention that this proceeding was a collateral attack on the election order made by the county judge is without merit; there can hardly be a more direct attack on such an order than by quo warranto. 39 Tex.Jur.2d, Municipal Corporations, p. 408, § 58.

Appellants' second and third points are therefore overruled.

■ Appellants argue, under their fourth point of error, that the trial court erroneously held, as a matter of law, that more territory was included within the boundaries of the town of Lawrence than was intended to be used for strictly town purposes. The trial court made no such holding, but the jury so found as a fact. There was competent evidence to support this finding, which was in line with appellee's pleading.

It is well established that this is a question of fact for the jury, to be tried as any other fact issue. Gray County Production Co. v. Christian, Tex.Civ.App., 231 S.W.2d 901, no wr. hist.; Ewing v. State, 81 Tex. 172, 16 S.W. 872; State ex rel. Thornhill v. Huntsaker, Tex.Civ.App., 17 S.W.2d 63, no wr. hist.; State ex rel. Brauer v. City of Del Rio, Tex.Civ.App., 92 S.W.2d 287, no wr. hist.; State ex rel. Perrin v. Hoard, 94 Tex. 527, 62 S.W. 1054; Thompson v. State ex rel. Donley, 23 Tex.Civ.App. 370, 56 S.W. 603, no wr. hist. The fourth point is overruled.

Appellants also argue under each of their points that the State had no justiciable or litigable interest in the validity *vel non* of this election. We see no merit in this contention and overrule it. Turner v. Lewie, Tex.Civ.App., 201 S.W.2d 86, wr. dism.; Staples v. State, 112 Tex. 61, 245 S.W. 639; City of Goose Creek v. Hunnicutt, 120 Tex. 471, 39 S.W.2d 617. The State is the real prosecutor of such a suit, which is instituted for the benefit of the public. 39 Tex.Jur.2d, Municipal Corporations, p. 411, § 59.

The judgment of the trial court is affirmed.

Affirmed.