THE STATE EX REL. W. F. TAYLOR ET AL. v. J. A. EIDSON ET AL.

No. 2816.

1. **Incorporation for School Purposes.**—The statute which authorizes towns and villages to establish by a vote a corporation for school purposes only, is by its terms made part of that chapter of the Revised Statutes which provides a mode for the incorporation of such municipalities. It is only towns and villages authorized to incorporate which are authorized to incorporate for school purposes.

2. **Town.**—No definition of the word *town* is given in the statutes, and its meaning as in ordinary use must be taken—a collection of inhabited houses. The term carries with it the idea of a considerable aggregation of people being in close proximity.

3. **Towns and Villages—Incorporation.**—The Legislature (Sayles' Civil Stats., arts. 506, 541a) did not intend to confer the power of incorporating by election upon a district of country inhabited by people living in residences widely disseminated over its area. The power is conferred only upon towns and villages, and is confined to the actual residents of such localities, and does not carry with it and confer upon a town authority to extend the boundaries of the corporation beyond its own actual limits.

4. **Same—Case in Judgment.**—A town not covering territory more than two miles in area could not by election incorporate for school purposes an area of twenty-eight square miles, including farms, ranches, and unoccupied surveys of land, so as to impose upon the inhabitants of such territory the burdens of municipal taxation.

APPEAL from Hamilton. Tried below before Hon. C. K. Bell. The opinion states the case.

*J. P. Estis* and *G. R. Freeman,* for appellants.—The judgment of the court is erroneous in respect to the first count in the information charging that defendants acted as a corporation without being legally incorporated, in view of the admitted fact that at the times and place charged in the information the defendants acted as a corporation, styled by them the "Hamilton Corporation," and "The town of Hamilton," and "The town of Hamilton as incorporated," while it does not appear from the evidence that they were incorporated, and it does appear from the evidence that the only proceedings had before and by the county judge of Hamilton County for incorporating the pretended and alleged town of

Hamilton and Hamilton Corporation, of which they were acting as trustees, did not incorporate them or anybody else. Gen. Laws 18th Leg., ch. 25, secs. 29–33; Rev. Stats., arts. 506–514; Id., arts. 541a, 541b; Gen. Laws 17th Leg., ch. 102; Gen. Laws 16th Leg., reg. sess., ch. 62; Rev. Stats., Final Title, sec. 20; Gen. Laws 16th Leg., spec. sess., ch. 48; Jackson v. Butler, 47 Texas, 423; Akin v. The State, 14 Texas Ct. App., 143; Prather v. The State, 12 Texas Ct. App., 401; Boone v. The State, 10 Texas Ct. App., 419; Donaldson v. The State, 15 Texas Ct. App., —; Cowan v. Nixon, 28 Texas, 230; Baker v. Chisholm, 3 Texas, 157; Solon v. The State, 5 Texas Ct. App., 301; Guilford v. Love, 49 Texas, 743, 744; Withers v. Patterson, 27 Texas, 489–502; Peters v. Phillips, 19 Texas, 73; Wiederanders v. The State, 64 Texas, 133; Hearne v. Camp, 18 Texas, 546; Humphreys v. Mooney, 6 Am. Corp. Cases, 292; Mokelumne County v. Woodbury, 14 Cal., 427; People v. Kingston T. R. Co., 23 Wend., 193; Roderigas v. Savings Inst., 63 N. Y., 460; The State v. Beck, 9 Am. Corp. Cases, 227; Lord v. Building Assn., 4 Am. Corp. Cases, 434; Hardwick v. Whittemore, 105 Mass., —.

*G. H. Goodson* and *J. A. Eidson,* for appellees. — 1. The application calling the territory a district was not improper, as the law providing for the election on the question of the tax calls such town or city after it has taken control of its public schools a separate and independent school district. Sayles' Ann. Stats., arts. 425a, 3788.

2. The act of the county judge in passing upon the application and determining that there were two hundred inhabitants within the town of Hamilton, as designated within the prescribed boundaries, necessarily required said county judge to pass upon the question as to whether the town of Hamilton embraced all the territory within the limits described, and his action in ordering the election was a declaration that it did, and such action is final, and can not be revised by any other authority or court. Sayles' Ann. Stats., art. 506–14; The State v. Goowin, 69 Texas, 55.

3. The action of the county judge in entering the order declaring the result of the election in favor of incorporation, and declaring the inhabitants within the territory designated incorporated for free school purposes, is decisive as to the compliance with all the requirements of the law preliminary thereto, and is final, and precludes inquiry in reference thereto. Sayles' Ann. Stats., arts. 513, 514; The State v. Goowin, 69 Texas, 55.

GAINES, ASSOCIATE JUSTICE.— On the 20th day of April, 1889, a petition was presented to the county judge of Hamilton County, praying him to order an election under the Act of April 6, 1881, to determine whether a certain district, embracing the town of Hamilton and fully described in the petition, should be incorporated as a town for the purpose

only of establishing and maintaining a free school therein. Sayles' Civ. Stats., art. 541a. The petition purported to be signed by thirty-nine residents of the proposed town. The county judge determined that the petitioners were residents of the territory described in the petition, and that it embraced within its limits the requisite number of inhabitants, and ordered that the election be held. The election was held, and the returns having been made, he declared that the proposition had carried and that the town was incorporated for free school purposes only, and ordered an election for five trustees for the term. At an election held in pursuance of the latter order the appellees were duly elected. They qualified and entered upon the discharge of their duties as such trustees, and have ever since continued to act in that capacity.

Upon the relation of three tax payers residing in the alleged town, the district attorney of the Twenty-ninth Judicial District, by leave of the district judge, filed in the name of the State an information in the nature of a quo warranto to declare the act of incorporation void and to oust the appellees from the exercise of the function of trustees under such alleged corporation. Upon the trial the court gave judgment in favor of the respondents, and from that judgment the State appeals.

Among other things the information alleged, in substance, that the alleged corporation was not confined to the limits of the town of Hamilton, and in words that "in fact the pretended limits of the same, as defined by them, extended far beyond the true limits of the real town of Hamilton as the same is well known, and for several miles into the country outside of said town, so as to include many farms, ranches, and unoccupied surveys of land, in extent many times as large as said town, and constituting no part of it or of any town." Upon the trial "it was admitted that the district of country described in the field notes in the said orders" (meaning the order of the county judge for the election for the incorporation and that declaring the result) "is, on an average, seven miles long and four miles wide, and embraces many surveys of unoccupied land and numerous stock ranches and farms." One of the relators testified that he resided in the town of Hamilton, and that he knew the extent and limits of the town, and that "it does not extend from its central point more than three-fourths of a mile, and would be entirely embraced by a circle whose radius is three-fourths of a mile in length." This testimony is wholly uncontradicted, and the facts testified to must be taken as established. If they were not true, witnesses could easily have been found to disprove them.

It therefore appears that at the time the election was ordered the real town of Hamilton embraced an area of not more than two square miles, and the question arises whether the statute authorizing the incorporation of towns and villages was intended to confer upon the inhabitants of any district of country including a town the power to incorporate with limits

embracing many square miles of rural territory. If it be held that this power does not exist, then the attempted incorporation under consideration is void, and it is unnecessary to determine any other question in the case.

In determining whether the power exists or not, we must not lose sight of the purpose of the statute under which it is sought to be exercised, nor of other statutes upon similar subjects. It is not the object of the statute in question to confer the power upon the inhabitants of any district in a county to vote a tax upon themselves for the support of the public schools, in addition to the State tax which is levied for that purpose. That power is conferred upon the inhabitants of the school districts by the Act of February 6, 1884. Sayles' Civ. Stats., art. 3733. The statute which authorizes towns and villages to establish by a vote a corporation for school purposes only, is by its terms made part of that chapter of the Revised Statutes which provides a mode for the incorporation of such municipalities. It is only "towns and villages authorized to incorporate under" that chapter which are authorized to incorporate for school purposes only. Sayles' Civ. Stats., art. 541a. The Revised Statutes authorize towns to establish a corporation by an election, provided they contain more than two hundred and less than ten thousand inhabitants. Art. 506. No definition of the word "town" is given, and it follows that we must take the word in its ordinary signification— a collection of inhabited houses. The term carries with it the idea of a considerable aggregation of people living in close proximity. A town population is distinguished from a rural population, which is understood to signify a people scattered over the country and engaged in agricultural pursuits or some similar avocation requiring a considerable area of territory for its support. A section of country so inhabited can not be called a town, nor treated as part of a town, without doing violence to the meaning ordinarily attached to that word.

It follows from this that the Legislature did not intend to confer the power of incorporating by election upon a district of country inhabited by people living in residences widely disseminated over its area. The power is conferred only upon towns and villages, and is confined to the actual residents of such localities, and does not carry with it and confer upon a town authority to extend the boundaries of the corporation beyond its own actual limits. This ruling is in accordance with the policy of other statutes of a like character. A city already incorporated can not extend its limits by any one election further than a half of a mile. East Dallas v. The State, 73 Texas, 370. The object of the limitation is to prevent a city from extending its limits so as to take in a population purely rural; and the policy of the limitation is founded upon the idea that it is unjust to subject a people to the burdens of à municipal government who share none of its benefits.

We are aware that in the application of the rule here laid down difficulties are likely to arise. In many instances it may be no easy task, without giving to the town a most irregular shape, so to define its limits as to embrace all its residents and to exclude at the same time all the rural population living in the vicinity. What should be done in such cases, when a few people not properly belonging to the town have been included, we need not now determine. This case presents no question of difficulty of that character. Here the attempt was to establish a municipal corporation extending over twenty-eight square miles of territory, not more than two of which were covered by the town. We think this can not be done, and that the attempted act of incorporation was without authority of law, and is void.

The judgment of the District Court is therefore reversed and a judgment here rendered, declaring the attempted act of incorporation void, and ousting the respondents from the exercise of the functions of trustees of the alleged town. The respondents are also adjudged to pay all costs, both in this court and the court below.

*Reversed and rendered.*

Delivered February 25, 1890.