Delivered December 9, 1890.

----

THE STATE OF TEXAS EX REL. V. THE TOWN OF BAIRD ET AL.

No. 3273.

1.   **Incorporation of Towns Under the General Law.**—Such an incorporation may properly include the territory occupied by the persons attending church and sending to the schools residing near to the others making up the proposed town, and this may be done regardless of whether the land be laid out into blocks or lots.

2.   **Same—Agricultural Lands.**—It will not vitiate an organization of a town under the general laws that a small part of agricultural land is included in the lines necessary to include the population having residences near each other and constituting the assemblage of residence and business houses constituting the town.

APPEAL from Callahan.   Tried below before Hon. T. H. Conner.
A statement is given in the opinion.

*J. E. Thomas,* for appellant.— 1. The judgment of the court is not in accordance with but is contrary to the law and the evidence.   Rev. Stats., art. 506; The State v. Eidson, 76 Texas, 302.

2.   A town is an aggregation of houses, with streets and alleys dedicated to the use of the public.   Worcester's Dictionary.

*F. S. Bell,* for appellees.— 1. The judgment of the court is in accordance with the law and the evidence of such cases.   The State v. Eidson, 76 Texas, 302.

2.   The court did not err in rendering judgment in defendant's favor. A town being only an aggregation of houses, having no legal definition, the court found that the house and land of J. N. Rushing formed a part and parcel of the aggregation of houses, and further, that a part of J. N. Rushing's land composed a part of the town plat.

GAINES, ASSOCIATE JUSTICE.—This was an information for a quo warranto, filed by the district attorney of the Forty-second Judicial District upon the relation of J. N. Rushing and others, to have the incorporation of the town of Baird adjudged invalid.   The information alleges in effect, among other things, that the town was attempted to be incorporated under the general laws by an election held in accordance with the provisions of the statute, but claims that it embraces territory which does not properly belong to the town and which can not be legally included within its limits, and that for that reason the election was a nullity.

The main contention is that on the west the limits of the town, as

designated for incorporation, embrace the residence of J. N. Rushing, one of relators, and 115 acres of land belonging to him which is devoted solely to agricultural purposes. It was proved that the town had been originally laid out by the Texas & Pacific Railway Company, and that a plat thereof had been recorded in the office of the county clerk. The railroad company had laid off an addition into blocks and lots, of which a map also had been made and recorded. Another addition had also been made to the town; but Rushing's land, with the exception of a few lots between his house and town, lying in the last addition, belonged to none of them.

It is insisted that the incorporation should have been confined to the town as laid off into blocks and lots. But we think otherwise. A town may exist without being divided into lots; and on the other hand, neither naked blocks or lots, whether with or without a map, constitute a town. If the population extended beyond the platted portion of the town, such extension was properly embraced within the limits of the incorporation.

It appeared in evidence that the relator Rushing did not do business in the town, but it was shown that he attended a church and sent his children to school within its limits. While residing at the same place he had been engaged in a banking business in the town, and was at the time of the trial the superintendent of a Sunday school which was taught in the church which he attended. Since he enjoyed the privileges incident to his proximity to the town, he can not justly complain of having his residence embraced within it. The inclusion of his land presents a more difficult question. But, as intimated in The State v. Eidson, 76 Texas, 302, it may not always be practicable to incorporate a town without including within its limits some territory devoted purely to pastoral or agricultural pursuits. Something may be allowed for prospective expansion. In a case like that just cited (The State v. Eidson), where there has been a clear abuse of the incorporating power conferred by the Legislature, the courts should not hesitate to dissolve the alleged incorporation. But it would not do to annul such municipal corporation created by an election under the general law upon proof of the inclusion within its limits of a small strip of agricultural land. The effect of such a ruling would probably be to annul the charters of many growing and thriving towns in the State which are acting as incorporations under the general laws—a result it is to be presumed the Legislature did not contemplate.

In case of a clear abuse of the power to fix the corporation limits in an attempt to incorporate under the general law, the courts should not hesitate to annul. But we do not think such abuse has been shown in this case. Therefore we can not say that the court erred in holding under the facts in evidence that the town of Baird was legally incorporated.

The judgment is affirmed.

*Affirmed.*

Delivered December 9, 1890.