STATE OF TEXAS EX REL. L. C. PERRIN V. J. M. HOARD ET AL.

No. 1009. Decided May 20, 1901.

1. Towns—Incorporation—Election—Petition—Plat.

The provision in Revised Statutes, article 580, that an application for an election to determine whether certain territory shall be incorporated as a town shall be accompanied by a plat of the proposed town, is directory merely, and the omission of such plat will not invalidate the incorporation. (P. 529.)

2. Towns—Incorporation—Including Farm Lands.

See certified question for facts under which the inclusion of 205 acres of cultivated land within the corporate limits in creating a town did not render such incorporation invalid, the trial court having found, as matter of fact, that such land was, at the time, intended for town purposes. (Pp. 528, 529.)

QUESTIONS CERTIFIED by the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

*D. W. Huffar, Perkins, Gilbert & Perkins,* and *Robert F. Spearman,* for appellant.—Where it is provided that a prerequisite act shall be done before other actions provided for and authorized shall follow, such prerequisite or initial action is mandatory, and, unless complied with, the action to follow, and which is based upon it, is void. Suth. Stat. Cons., par. 451; Endl. on Interp. of Stats., par. 434, citing Des Moines v. Gilchrist, 67 Iowa, 210, and Pittsburg v. Walter, 69 Pa. St., 365.

In order to the valid creation of a municipal corporation, all mandatory requirements of the statutes, such as ours, must be complied with. State v. Peterson 29 S. W. Rep., 415; 1 Beach Priv. Corp., 12, 16; Furrh v. State, 24 S. W. Rep., 1126; State v. Dunson, 71 Texas, 70.

Before the incorporation of a town becomes an accomplished fact, all statutory requirements (prerequisite) for the accomplishment of that end must be complied with. State v. Peterson, 29 S. W. Rep., 415.

Lands not intended by their owners for strictly town purposes may not be included in the corporate limits of a town. Acts of 1897.

If a town contains an excess of rural land, the incorporation will be held void. Ewing v. State, 81 Texas, 172; State v. Town of Baird, 79 Texas, 63.

*Craddock & Looney,* for appellees.—The provisions of article 580, Revised Statutes of this State, requiring that a plat of the proposed town or village accompany the petition presented to the county judge, is directory, and a failure to so accompany the petition for election with a plat of the town or village will not render void the order for an election and the subsequent orders of the county judge made pursuant thereto. 33 S. W. Rep., 573; 34 S. W. Rep., 610.

It was an issue of fact in this case as to whether or not the included area of the town of Celeste was so included for strictly town purposes,

and the trial court having found the fact to be that all the lands included in said town were included for town purposes, this finding will be accepted by this court as conclusive of the questions presented by appellant under this assignment and its propositions. Thompson v. State, 56 S. W. Rep., 603.

BROWN, Associate Justice.—The Court of Civil Appeals for the Fifth Supreme Judicial District has certified to this court the following statement and questions,

"On February 11, 1898, a petition signed by the requisite number of voters of the town of Celeste, in Hunt County, Texas, was presented to the county judge of said county asking for an order for an election to determine whether or not said town should be incorporated under chapter 11 of the Revised Statutes of Texas. Said petition described the territory to be incorporated but was not accompanied by a plat of the proposed town or village as required by article 580, Sayles' Civil Statutes of Texas.

"On the 5th day of March, 1898, the election was ordered to be held, and in accordance with said order an election was held which resulted in favor of incorporating said town. In pursuance of said result, the county judge caused an order to be entered on the records of the Commissioners Court of Hunt County, Texas, declaring said town duly incorporated.

"Thereafter an election of officers was held in said town, since which time said incorporation has exercised the functions of a town or village under the provision of said chapter 11, within the boundaries contained in the petition. The territory described in the petition comprised 475 acres, of which 205 acres are in cultivation. About 15 acres of the cultivated land is platted and is what is known as Perrin addition. The original town was platted by the Gulf, Colorado & Santa Fe Railway Company and was constituted of 160 acres, since which time there have been added three additions known as Perrin's addition, Patterson's addition, and College addition.

"The town of Celeste is twelve years old, having grown during that time from nothing to a population now of from 800 to 1000. It is located at the junction of the Gulf, Colorado & Santa Fe Railway and the Missouri, Kansas & Texas Railway. It is in a rich belt of agricultural land worth from $40 to $50 per acre; is growing and improving all the time. It has, in addition to its public school, a high school, and within the last two years new business houses have been built, a new hotel and national bank opened, an oil mill and round bale cotton gin plant erected, all the residences of the town are occupied, and there is a demand for more.

"All the lands included in said town were included for town purposes and those parts that are now used for agricultural purposes, with the exception of some ten or twelve acres in the northeast corner of the town are suitable for and adapted for town purposes.

"Question 1. Was the failure to accompany the petition with a plat

of the proposed town such a noncompliance with article 580, Sayles' Civil Statutes, as to render the attempt to incorporate said town invalid?

"Question 2:  Did the inclusion of 205 acres of cultivated land within said territory render said incorporation invalid?"

We answer both of the foregoing questions in the negative.

Article 579 of the Revised Statutes authorizes the incorporation of towns and villages which may contain a population of more than five hundred and less than ten thousand, and article 580 prescribes the procedure of incorporation as follows:  "At least twenty residents thereof, who would be qualified voters under the provisions of this chapter, shall file an application for that purpose in the office of the judge of the county court of the county in which the town or village is situated, stating the boundaries of the proposed town or village, and the name by which it is to be known if it be incorporated, and accompany the same with a plat of the proposed town or village, and including therein no territory except that which is intended to be used for strictly town purposes."  "The plat of the town or village" is not required to be embraced in the application nor to be attached to it, nor is there any language used in connection with it which indicates that the presentation of the plat is a condition precedent to the incorporation.  The language is affirmative in form, and in connection with that which prescribes the contents of the application, appears to be in aid of a description which is sufficient in itself to secure the rights of all persons.  It is directory and a failure to perform it will not defeat the incorporation.  Suth. Stat. Cons., 447.  The purpose was to furnish to the voters and to those who may be interested means by which they could readily determine the limits of the proposed incorporation.

The provision, "and including therein no territory except that which is intended to be used for strictly town purposes," was intended to embody in the statute the rule expressed in Ewing v. State, 81 Texas, 172, and State v. Eidson, 76 Texas, 302, forbidding the people of a town or village to embrace for taxing purposes lands not intended to be divided into lots and occupied for town purposes.  This court can not say as a matter of law that the including of 205 acres of farming land of itself rendered the incorporation void.  The statute makes it a question of intent which is a question of fact, and the trial court found as a fact that the land was at the time intended for town purposes, which brings it within the terms of the law.