## STATE OF TEXAS EX REL. v. AMBROSE MERCHANT ET AL.

### Decided February 4, 1905.

1.—Town—Incorporation—Unauthorized Change in Notice of Election.

Upon application by the requisite number of voters, the county judge ordered an election, and notice thereof was duly posted to determine whether a certain territory, described by metes and bounds, should be incorporated, but on the following day, on protest of the owners of part of the land and without any order from the county judge, some of the promoters of the town decided to reduce the area one-half, and a description of the reduced area was written out and posted over the description in the original notice, and only the resident voters of the restricted area were allowed to vote. Held, that such election and incorporation were null and void.

2.—Same—Same—Character of Territory.

A large area of open land covered by palmetto swamps and jungles and a few horse and cattle pens and ranges, a small part only of which was inhabited and that chiefly by transient persons, held not to be such territory as within the contemplation of the Act of 1895, Laws, p. 17, could be incorporated for town purposes.

3.—Practice on Appeal—Reversal of Judgment.

When it appears from the uncontroverted evidence that a question of fact should not have been decided otherwise than one way, the Appellate Court, upon reversing, will render such judgment as should have been rendered in the trial court.

Appeal from the District Court of Hardin. Tried below before Hon. L. B. Hightower.

R. L. Durham, County Attorney, and Lanier, Martin & O'Fiel, for appellant.

Teagle & Conley and R. H. Holland, for appellees.

GARRETT, CHIEF JUSTICE.—This was a suit in the nature of a *quo warranto* brought September 23, 1904, by the State of Texas on the relation of the county attorney of Hardin County against Ambrose

Merchant and others claiming to be mayor and officers of the town of Sour Lake, and against said pretended corporation, to oust the said persons from acting as officers thereof and to have the said corporation declared null and void. The case was submitted to the court without the intervention of a jury and resulted in a judgment in favor of the defendants sustaining the corporation. On this appeal by the State two questions are presented for decision, first, whether the proposition voted on was the one submitted to the county judge on the application of the residents, and second, whether the territory included in the boundaries of the proposed town was all intended to be used for strictly town purposes.

On application made to him by the requisite number of resident voters therein, describing by metes and bounds the south half of the Stephen Jackson league, the county judge of Hardin County ordered an election to determine whether said territory should be incorporated as the town of Sour Lake. A notice of the election was duly posted, but on the protest of the owners of a part of the land some of the promoters of the town determined to reduce the area of the territory one-half and a description of the reduced area was written out and pasted over the description in the original notice. This was done on the next day after the original notice was put up and in time for the full period required by law, but it was done without any order of the county judge or any authority given by him or any knowledge on his part of the proposed change.

The election was held on January 2, 1904, in accordance with the order of the county judge directing the same but the officers conducting the election did not allow any one to vote thereat except resident voters of the restricted area of 1,100 acres made subsequent to the application to the county judge by unauthorized parties as above stated, and said persons voted upon the incorporation of the restricted area. Returns of the election were made as required by law, and the county judge made an entry upon the records of the Commissioners' Court that the inhabitants of the town of Sour Lake were incorporated within certain boundaries defined in said order by metes and bounds, lying within the area described in the application and order, and being only about one-half thereof. An election ensued which resulted in the choice of the defendants as the officers of the town.

Prior to the discovery of oil in paying quantities at Sour Lake it was a hamlet of only about 200 inhabitants scattered in a sparse settlement over about 500 acres of land. But with the excitement following the discovery of oil many people poured in from abroad and there was a transient population collected at the time the application to incorporate was made of at least 2,000; it was estimated by some of the witnesses as much as 10,000, settled on less than 500 acres of the described territory. The territory comprised in the south half of the Stephen Jackson league and the territory declared incorporated consists chiefly of uninhabitated land diversified with prairie and timber and palmetto swamps. It is an open country with only a few farms and some cow ranges and horse and cattle pens. Only about half of the 1,100 acres included in the town limits is used and there is only an occasional settler on the rest of it.

The validity of the incorporation of Sour Lake may be assailed from both the points which have been mentioned. The order of the county judge directing the election for the incorporation of the territory described in the application may not have been affected by an unauthorized change in the notice of election, yet the subsequent action of the electors shows that they did not vote on the proposition that was submitted to them by the order of the county judge based on the application and instead of voting on the inclusion of 2,200 acres in the limits they voted for a restricted area of 1,100 acres. If they had supposed that they were voting on the larger proposition they might have voted otherwise and the result might have been different. The county judge had no power to change the territory described in the application, but made his order for an election upon incorporation of the 2,200 acres. The election really held was by the electors residing on the 1,100 acres for the incorporation of such restricted area. These were two different propositions and there is no room for reconciling them by an amendment of the order.

The evidence leaves it without doubt that there was an attempt to incorporate a large territory of open land covered by palmetto swamps and jungles and a few horse and cattle pens and cow ranges; a small part only of which was inhabited and that chiefly by transient persons who

> "Shall fold their tents like the Arabs,
> And as silently steal away."

The courts will not allow such an abuse of the statute. "The provision 'and including therein no territory except that which is intended to be used for strictly town purposes' was intended to embody in the statute the rule expressed in Ewing v. State, 81 Texas, 172, and State v. Eidson, 76 Texas, 302, forbidding the people of a town or village to embrace for tax purposes lands not intended to be divided into lots and occupied for town purposes." (State of Texas, ex rel. Perrin v. Hoard, 94 Texas, 527.) The Act of 1895, Laws, p. 17, limiting the amount of area that may be incorporated is restrictive of the amount and does not authorize such incorporation when not for strictly town purposes. State v. Hoard, supra, and Judd v. State, 62 S. W. Rep., 543, were decided since the passage of the Act of 1895.

It is a question of fact to be decided in the trial court as facts are decided in other cases, but when the uncontroverted evidence shows that the fact should not have been decided otherwise than one way this court will not remand the cause for another trial of the facts upon a reversal of the judgment.

Other questions in the record have been suggested by the briefs but it is not deemed necessary to pass upon them. For the errors discussed the judgment of the court below will be reversed and, as no judgment other than one in favor of the State should have been rendered, such judgment will be now rendered as should have been rendered in the court below.

*Reversed and rendered.*