STATE ex rel. BURCHILL v. CITY OF POLYTECHNIC et al. (No. 1150.)

(Court of Civil Appeals of Texas. Amarillo. April 11, 1917. Rehearing Denied May 9, 1917.)

1. MUNICIPAL CORPORATIONS &wapp;7—TERRITORIAL SIZE—STATUTE—CONSTRUCTION.

Under Rev. St. 1911, art. 777, providing that no town hereinafter incorporated under title 22 (articles 1072–1076) shall contain a superficial area of more than four square miles when such town has more than 2,000 and less than 5,000 inhabitants, and article 1034, providing that application for incorporation shall include no territory not intended to be used for strictly town purposes, a town of 3,000 inhabitants may incorporate four square miles of territory, including territory extending beyond aggregation of residences and structures if such territory is to be used for strictly town purposes, modifying rule that town should be marked by an area of

the aggregation of residences and of appurtenant structures.

[Ed. Note.—For other cases. see Municipal Corporations, Cent. Dig. §§ 11–13.]

**2. APPEAL AND ERROR ☞262(2)—FAILURE TO SUBMIT SPECIAL ISSUE—ABSENCE OF REQUEST.**

Although special issue submitted was not as full as it should have been, where it was correct as far as it went, parties cannot complain in absence of a request for fuller submission; failure to request being in effect an agreement that matter should be left to finding of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1586.]

**3. TRIAL ☞351(5)—SPECIAL ISSUE EMBODIED IN ISSUES SUBMITTED — FAILURE TO SUBMIT TO JURY.**

Where a requested special issue is sufficiently embodied in other issues submitted, failure to submit it is not error.

[Ed. Note.—For other cases, see Trial. Cent. Dig. § 834.]

**4. TRIAL ☞356(5) — SPECIAL ISSUES — FAILURE TO ANSWER—HARMLESS ERROR.**

That the jury disagreed on a special issue submitted which, was immaterial is not ground for reversal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 852.]

**5. STATUTES ☞107(5)—SUBJECT AND TITLE OF ACTS—ACTS RELATING TO MORE THAN ONE SUBJECT.**

Acts 33d Leg. c. 21, is entitled "An act to amend articles 1070–1076 of title 22, chapter 15 of the Revised Statutes of Texas of 1911, and to add to said chapter article 1076a, all of said articles relating to and regulating the adoption of the commission form of government by cities and towns, and towns and villages of less than 5,000 inhabitants." Vernon's Sayles' Ann. Civ. St. 1914, art. 1076a, provides that this chapter shall not repeal any laws under which such cities or towns, or towns or villages, may now operate, and incorporation of all cities and towns, or towns or villages, heretofore had or attempted to be had under Rev. St. 1911, arts. 1072–1076, or any previous general law, are hereby validated as to area and powers and duties, and all acts, etc., done under the same are hereby in all things validated and declared to be binding. *Held*, that article 1076a is constitutional; the act of which it is a part not containing more than one object mentioned in the title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 125, 126.]

**6. MUNICIPAL CORPORATIONS ☞15 — ADOPTION OF COMMISSION GOVERNMENT—VALIDATING STATUTES—CONSTRUCTION.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 1076a, regulating adoption of commission form of government and validating charter of corporations which propose to adopt a commission form of government or those which have so incorporated, validates the boundary as well as the contents within the boundary of a city adopting the commission form of government.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 40.]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Suit in the nature of quo warranto by the State, on the relation of Belle M. Burchill, against the city of Polytechnic and others. Judgment for city, and relator appeals. Affirmed.

Marshall Spoonts and Templeton & Milam, all of Ft. Worth, for appellant. Felix M. Bransford and Samuels & Brown, all of Ft. Worth, for appellee.

HUFF, C. J. The state of Texas, on the relation of Mrs. Burchill, brought suit in the district court of Tarrant county, in the nature of quo warranto, against the city of Polytechnic, its mayor and other officers, to test the validity of the incorporation of that city because of the wrongful inclusion within its boundaries of relator's land. Judgment resulted in favor of the appellee, the city of Polytechnic, from which the relator prosecuted the appeal.

The town of Polytechnic was incorporated in November, 1910, under the provisions of articles 1072 to 1076, inclusive, of the Revised Statutes of 1911. The application for incorporation described the territory sought to be included within the bounds of the incorporation. The judge's order of election and the petition, together with the order declaring the result of the election, show that there were less than 4 square miles of territory included therein, and at that time there were more than 2,000 and less than 5,000 inhabitants within the territory; that there were at that time 3,000. The relator filed her petition in this case on the 20th day of March, 1914. The property of relator included within the limits of Polytechnic contained 65 acres, of which a little less than 50 acres were platted and subdivided into lots and blocks, streets and alleys, and was known and designated on the maps and plats prior to such incorporation as Burch-Hill addition. There were a little less than 15 acres unplatted included within the corporate limits. The Burch-Hill addition was platted and proper dedication deed executed and placed of record in the deed records some time in the winter of 1907–08. The lots and blocks of the platted addition were placed on the market for sale as town lots, and 100 of them had been sold before the institution of this suit, at prices approximating $350 per lot, prior to the incorporation. The lots so sold by her were in the most part purchased by nonresidents and owned by them at the time of the suit, leaving in her name about 117 lots, together with the 15 acres. There were 85 acres of land belonging to the relator outside of the corporate limits, and referred to in the testimony as being grazed by cattle. The Burch-Hill addition is contiguous and immediately across the street from what is known as the Englewood addition to Polytechnic. This addition had more than 72 dwelling houses occupied at the time the suit was filed. Mrs. Burchill, by her testimony, contends that when the Burch-Hill addition was laid out it was for an independent community. The dimensions of her lots were 50x140 feet. She states that there was a meadow on this land which had to be

mowed; that she did not regard it as a meadow however; that she did not sell the property as farm land, but as lots, and regarded the addition as town lots, and sold them as such in 1910. Her addition lies south of the Polytechnic school campus and south and west of the Englewood addition. It appears that one line of the addition follows what is known in the record as the Bowman Spring road, and that the 15 acres unplatted lies north of that road, inside of the corporation. The lines of the corporation were so run as to exclude certain farm and pasture lands lying immediately north of her platted addition, and the corporation only took in that part of her land which was platted, together with the 15 acres, which was north of the road above mentioned. At the time of incorporating, the Englewood addition was not settled, and there was considerable unoccupied territory within the corporation; but the greater portion of it had been platted and marked off into lots and blocks, streets and alleys, which had been filed and were of record. This, perhaps, will be sufficient statement of the case to give a general idea of the questions involved.

[1] The first assignment asserts error on the part of the court in refusing to define the terms "town" and "city." The proposition presented is:

"By the terms 'town' and 'city,' as used in the statute, giving to the inhabitants of such municipalities authority to incorporate and to include within their incorporation certain territory with defined boundaries, is meant an aggregation of residences and of pertinent structures, and the limits of such town or city do not extend beyond the area occupied and marked by the aggregation of houses and appurtenant structures and their inhabitants, and the court should have so instructed the jury."

The appellant requested a special instruction presenting substantially the proposition. As we understand the decisions of this state, where a town is unincorporated, or where the law does not define a town, the ordinary understanding or definition of "town" or "city" is understood, and is such as may be or are granted the power to incorporate. Prior to the act of 1895, the Legislature had not undertaken to define the territory which a town or city might include within the limits of the corporation. In the case of State v. Eidson, 76 Tex. 302, 13 S. W. 263, 7 L. R. A. 733, the Supreme Court said:

"The Revised Statutes authorize towns to establish a corporation by an election, provided they contain more than 200 and less than 10,000 inhabitants. Article 506. No definition of the word 'town' is given, and it follows that we must take the word on its ordinary signification —a collection of inhabited houses. The term carries with it the idea of a considerable aggregation of people living in close proximity."

The principle above announced is followed in Ewing v. State, 81 Tex. 172, 16 S. W. 872; Judd v. State, 25 Tex. Civ. App. 418, 62 S. W. 543. The Act of 1895, § 1, now article 777, R. C. S., by its title declares, "An act to define the territory and provide for es-

tablishing the boundaries of cities and towns of this state, and to validate," etc: The article, as carried forward, now reads:

"No city or town in this state shall be hereafter incorporated under the provisions of the general charter for cities and towns contained in title 22 of the Revised Civil Statutes of this state, with a superficial area of more than two square miles, when such town or city has less than two thousand inhabitants, nor more than four square miles, when such city or town has more than two thousand and less than five thousand inhabitants, nor more than nine square miles, when such city or town has more than five and less than ten thousand inhabitants."

Article 1034, with reference to incorporating towns and villages, directs that the application presented be signed by at least 20 resident electors, giving the boundaries and "including therein no territory except that which is intended to be used for strictly town purposes." This last provision applies to cities and towns. Article 774. The facts show in this case that the area was less than 4 square miles and the inhabitants therein were more than 2,000 and less than 5,000; that they exceeded 3,000 when the petition was presented. The order granting the application, and the one declaring the result of the election made by the county judge, recite the above facts, and, aliunde the judge's record, the evidence shows the same facts. The Supreme Court, in the case of State v. Hoard, 94 Tex. 527, 62 S. W. 1054, answered in the negative the following certified question:

"Did the inclusion of two hundred and five acres of cultivated land within said territory render said incorporation invalid?"

In that case the territory described in the petition contained 475 acres, of which 205 acres were in cultivation. The Supreme Court said:

"The provision, 'and including therein no territory except that which is intended to be used for strictly town purposes,' was intended to embody in the statute the rule expressed in Ewing v. State [81 Tex. 172], 16 S. W. 872, and State v. Eidson [76 Tex. 302], 13 S. W. 263 [7 L. R. A. 733], forbidding the people of a town or village to embrace for taxing purposes lands not intended to be divided into lots and occupied for town purposes. This court cannot say, as a matter of law, that the including of 205 acres of farming land of itself rendered the incorporation void. The statute makes it a question of intent, which is a question of fact; and the trial court found as a fact that the land was at the time intended for town purposes, which brings it within the terms of the law."

It has been held that article 777 is restrictive of the amount and does not authorize such incorporation when not for strictly town purposes. State v. Merchants, 38 Tex. Civ. App. 226, 85 S. W. 483. In the Ewing Case, supra, it is said:

"But it is insisted that the boundaries of a municipal corporation is a question to be determined by the Legislature and not by the courts. This may be true as to such municipalities as have been or may be established by a special legislative enactment. It was so held by this court in Norris v. City of Waco, 57 Tex. 635. So, also, if the Legislature had provided that the cities proposing to incorporate under the

general laws should be empowered to embrace territory lying beyond their actual limits, it may be that, in the absence of a clear abuse of the power, it would be the duty of the courts to respect the legislative will and to hold an incorporation including such additional territory valid."

Taking the two articles, 777 and 1034, together, they authorize a town of over 2,000 and less than 5,000 inhabitants to incorporate 4 square miles of territory, including territory intended to be used for strictly town purposes. The Legislature granted that power to the promoters, and to that extent the ordinary understanding of or definition of a town is qualified. These articles were enacted subsequent to the two first cases cited from the Supreme Court, and, to Judge Gaines' suggestion that there was no definition of a town by the statute, the Legislature responded by an act to define the territory, and further modifying the rule that such territory could include land where it was intended to be used for town purposes. This certainly modified the rule that the incorporation should be marked by an area of the aggregation of residences and of appurtenant structures. The inclusion of farm land, Judge Brown said, in the Hoard Case, would not invalidate the incorporation as a matter of law; but "the statute makes it a question of intention, which is a question of fact." To have instructed the jury, with reference to the power to incorporate a town, that only such as was marked by the area of aggregated residences and appurtenant structures could be incorporated, would be error. Under the statutes, a town of over 2,000 and less than 5,000 could incorporate an area of 4 square, miles if it was intended the territory included should be used strictly for town purposes. As suggested by Judge Gaines in the Ewing Case:

"In the absence of abuse of power, it would be the duty of the court to respect the legislative will, and to hold the incorporation of such additional territory valid"—the very thing which Judge Brown subsequently did in the Hoard Case.

The Courts of Civil Appeals have subsequently recognized the rule above stated since the enactment of those statutes. Merritt v. State, 42 Tex. Civ. App. 495, 94 S. W. 372; McClesky v. State, 4 Tex. Civ. App. 322, 23 S. W. 518; Thompson v. State, 23 Tex. Civ. App. 370, 56 S. W. 603; State v. Baird, 79 Tex. 63, 15 S. W. 98.

[2] The second and third assignments to the fifth issue submitted are overruled. The issue and question which the statutes and the holdings in the Hoard, Merritt, and Thompson Cases say are questions of fact, which should have been submitted to the jury for their finding, were submitted by this issue. The issue, perhaps, was not as full as it should have been. The issue itself, as far as it went, was not erroneous, and, if appellants desired a further fact submitted, a proper issue should have been prepared and presented to the court. If they did not do so, then they in effect agreed that the matter should be left to the finding of the trial court, and, if necessary to support the judgment, we will impute such finding. As a matter of fact, the issue, as submitted, is in the form and language used by appellant in the petition and which was urged as a ground for annulling the corporation.

[3] Assignment 4 complains that special issue No. 10 should have been submitted. We think this issue was sufficiently submitted to the jury by the court in other issues, and there was no error in failing to submit this one.

[4] The fifth assignment asserts error in ignoring the disagreement of the jury as to issue No. 8. That issue was:

"State and find whether the property of Mrs. Belle M. Burchill, within the corporate limits of Polytechnic, was suitable or adapted for town purposes within and as a part of said corporation?"

The jury answered that nine voted that it was not suitable and three that it was. In answer to the seventh issue, they had answered that the greater portion of such land was suitable for and adapted to town purposes. The difference in the two issues consisted in that the seventh required an answer whether it was generally suitable and adapted for town purposes, while issue 8 required an answer as to its adaptability "within and as a part of said corporation"— Polytechnic. The jury evidently could not agree as to its suitableness and adaptability for town purposes for and in Polytechnic, but could agree that for town purposes generally it was suitable and adaptable. The facts are uncontroverted that this land was within the corporate limits which did not exceed 4 square miles, and at the time of incorporation there were over 2,000 and less than 5,000 inhabitants. The jury had answered the fifth issue that this territory was voted upon with the expectation and intention that said lands and real estate would in the reasonably near future be used for town purposes. These facts, under the statutes and decisions above cited, were sufficient to authorize the promoters and to give the power to incorporate that territory. It was therefore immaterial whether the jury found that it was suitable to Polytechnic or not. They did find that it was adapted for town purposes. These facts might, perhaps, be looked to in ascertaining the purpose and intention of the voters at the election, but were not sufficient, in the opinion of the jury, to find that it was not the purpose and intention of the voters to use the land for strictly town purposes. So regarded, the issue became and was immaterial, and their failure to answer should not reverse the case. Coons v. Lain, 168 S. W. 981 and authorities cited.

The sixth assignment urges the court was in error in granting the motion of the ap-

pellee for judgment. We believe the proposition presented under this assignment is sufficiently answered in considering the preceding assignments.

[5] The seventh assignment we do not believe should be considered, as it is not briefed in accordance with the rules. We should notice, however, the contention of appellant that article 1076a, Vernon's Sayles' Civil Statutes, is unconstitutional because the act of which the above article is a part contains more than one object, and because the matters covered by the article are not mentioned in the caption of the act. The article, or section of the act, is as follows:

"This chapter, nor any provision herein, shall not repeal any laws under which such cities or towns or villages, may now operate and shall not affect the incorporation of any city or town or town or village within the state of Texas, and incorporation of all cities or towns, or towns or villages, heretofore had or attempted to be had, under chapter 15 of title 22 of the Revised Statutes of Texas, of 1911, or any previous general law, are hereby validated, as to area and powers and duties and all acts done under same, and all bonds heretofore issued by such cities or towns, or towns or villages, which have been approved by the Attorney General of the State of Texas, and registered by the Comptroller of the State of Texas, are hereby in all things, validated and declared to be valid and binding obligations against such city or cities, or such town or towns."

We are disposed to think the act constitutional, and not subject to the objections made. This question has been frequently discussed by the Supreme Court and others, and it would add nothing to the matter to enter into a discussion. We will content ourselves by citing some of the cases: Doeppenschmidt v. Ry. Co., 100 Tex. 532, 101 S. W. 1080; Ry. Co. v. Stoker, 102 Tex. 60, 113 S. W.·3; Austin v. McCall, 95 Tex. 565, 68 S. W. 791. The act in question was passed by the Thirty-Third Legislature (page 36). The act authorized cities and towns of less than 5,000 inhabitants to adopt the commission form of government. The subject of the act was to amend certain articles of the statutes and to add article 1076a, relating to and regulating the adoption of the commission form of government. It would be useless to adopt a commission form of government if the area of the corporation was invalid. It was only valid municipalities which could adopt that form. The validation of the charter of the corporation which proposed to adopt a commission form of government and those which had theretofore under that chapter so incorporated was relevant and germane to the subject relating to such government.

[6] It is also contended that the statute does not validate the illegal inclusion of the relator's property within the boundaries. That the word "area" means the extent of territory within the designated boundary and should be held to apply only to such corporations as have included within their limits an excess of territory over that authorized by the statute. Article 777 provides a town may be incorporated "with a superficial area" of not more than two, four or nine square miles. The validating act makes lawful all corporations mentioned in the act as to area. In geometry, "area" means the superficial contents of any figure; the surface included within any given lines. Webster. Hence, the superficial contents within the lines of the corporation is validated by the act. The statutes evidence the fact that the term was used in its geometrical sense, validating to the boundary as well as the contents within the boundary. It was used in the sense of "the area of a square or triangle."

The eighth and ninth assignments urge objections to certain evidence. We regard this testimony, under the interpretation that we give the statutes, as relevant and not objectionable on the grounds urged.

We find no error on the part of the court in refusing to submit the issues requested by appellant upon which assignments 10 and 11 are based.

The judgment will be affirmed.