### COOK v. BAYNE et al.

### No. 9537.

Court of Civil Appeals of Texas. Galveston.
March 13, 1931.

Rehearing Denied April 16, 1931.

W. A. Cook, of Groveton, pro se.

C. H. Crow, Max M. Rogers, and Hayne Nelms, all of Groveton, for appellees.

PLEASANTS, C. J.

This suit was brought by appellant against Ross Bayne and a number of other individual defendants to recover damages for the alleged wrongful impounding and sale of cattle belonging to appellant, for injuries to a cow belonging to appellant causing her death, and for the destruction of a mulberry tree claimed by appellant to have been situated and growing upon his premises.

The cause of action upon which the suit is based is thus alleged in plaintiff's third amended petition upon which the case was tried:

"For cause of action, plaintiff represents that the unauthorized (under the law or authorized) 'City of Groveton' by and through the other defendants mentioned herein, except Ross Bayne and J. F. Hall, have at various times in the town of Groveton, during 1926, the exact dates being unknown to the plaintiff, empounded the plaintiff's cattle, and did on June 20, 1926, in Groveton, Texas, compel him to pay out $4 to obtain possession of same; that a short time before June 20, 1926, in Groveton, Tex. at a date better known to defendant, and not exactly within the knowledge of the plaintiff, during 1926 said defendants did unlawfully and carelessly kill one of the plaintiff's young cows and unborn calf; that on the 27th day of July, 1926, the said defendants did unlawfully sell three (3) of the plaintiff's cattle to defendant Ross Bayne, and the said Bayne has sold, destroyed or completely disposed of the same so unlawfully, that said defendants, the exact date being unknown by the plaintiff, did during 1926 send several men upon the plaintiff's premises, in the town of Groveton, without permission of the plaintiff, did break the plaintiff's fence down and did cut down and destroy the plaintiff's large bearing mulberry tree;

"That said unauthorized (under the law) or authorized City of Groveton by and through J. F. Hall and S. M. Mathews did on Sept. 25, 1928, empound some 21 head of the plaintiff's cattle and exact or compel the plaintiff to pay it or them the sum of $28 before possession was surrendered to the plaintiff;

"That defendants have thus harassed this plaintiff, causing him the great losses and injuries mentioned above; and whereas the County Attorney and District Attorney refused to institute proceeding in the nature of 'Quo warranto' at the request of this plaintiff, and whereas the Courts refused to permit the plaintiff to question the powers or existence of the unauthorized (under the law) or authorized City of Groveton, and whereas through its agents, said unauthorized or authorized City of Groveton did continue and threaten- to indefinitely continue to empound the plaintiff's cattle, plaintiff was compelled to sacrifice his cattle raising industry.

"Plaintiff alleges that the town of Groveton has between two thousand and three thousand inhabitants and that the City of Groveton was not attempted to be set up over or enclude the town of Groveton, but only to enclude or be set up over that portion of the town of Groveton north of the W. B. T. & S. railroad which is about half of the town of Groveton.

"Plaintiff alleges that the unauthorized or authorized City of Groveton has not now and never has had any legal existence and that the other defendants herein well knew this, but that depending upon their influence with the County Attorney, and District Attorney to prevent Quo Warranto proceedings, and that peculiar and unreasonable rule of Courts, with the effect of law, that prohibits the mere citizen from questioning the legality or existence of an organization pretending to be a municipal corporation, the other defendants herein proceeded to commit the depredation upon the plaintiff above mentioned. Notwithstanding this, plaintiff alleges that the defendants pretending to act for or under the authorization of the unauthorized or authorized 'City of Groveton' are themselves responsible in damages, personally, for all injury and damages caused this plaintiff.

"Plaintiff alleges that by reason of said lawless acts of defendants he has been damaged in amounts as follows, to-wit:

"1st.  Killing cow and unborn calf—$75

"2nd.  Payment 1st time to get possession of cattle $4 pound pen charge.

"3rd.  Sale of three cows to Ross Bayne—$225

"4th.  Payment 2nd time for possession of cattle—$28 pound pen charge.

"5th.  Destroying mulberry tree of plaintiff—$200

"6th.  Sacrifice of cattle raising industry—$500

"7th.  Harassing and worrying plaintiff—$500

"C. H. Kenley pretended to be acting as Mayor for the unauthorized or authorized 'City of Groveton' and was succeeded by B. F. Hall, a short time before the last mentioned trespass was committed upon the plaintiff's cattle. The other defendants herein mentioned, except Ross Bayne, pretended to be acting as aldermen for said 'City of Groveton.' This pretention of being an officer or agent for an unauthorized or authorized and unrecognized 'City of Groveton' does not relieve them from personal liability.

"Wherefore plaintiff prays that defendants be cited to answer this petition and that he have judgment for his actual damages as aforesaid and exemplary damages in amt of $1000 against said pretended unauthorized or authorized 'City of Groveton', and for such other and further relief as he may be entitled to either in law or equity."

The individual defendants, and the city of Groveton, answered this petition by a general demurrer and special exceptions, the nature of which, as far as deemed necessary in the decision of the questions presented by the record, will be hereinafter indicated, by a general denial, and by the following special pleas:

"1.  If said plaintiff's cattle were impounded as alleged in said Amended Petition, and if said cow and unborn calf died while in the pound as alleged by said plaintiff, then said

defendants show to the court that the City of Groveton is a duly and legally incorporated city under the general laws of the State of Texas in such cases made and provided, and was so incorporated at each and all of the dates as charged in said Amended Original Petition, and had been duly incorporated as the laws of Texas provide for several years prior to the acts of tort charged in said petition by said plaintiff.

"2. That if said cattle were taken and impounded as alleged by plaintiff, the same was done by the duly elected and qualified marshal, S. M. Mathews, of said City of Groveton, under an ordinance duly passed by the City Council of said City at a regular meeting thereof held in the City of Groveton, on the 2nd day of January, 1923, which was long anterior to the dates of the alleged torts, and duly declared and published as required by law as an ordinance of said City of Groveton, said ordinance having been passed as aforesaid after the same had been submitted to the vote of the electors of said City of Groveton at an election held within said city for such purpose, resulting in a large majority vote in favor of restraining cattle from running at large within said city, which ordinance provides that on and after the 1st day of February, 1923, it shall be unlawful for any person, firm or corporation, owning or controlling any cattle, to allow the same to run at large within the city limits of the City of Groveton; that it shall be the duty of the marshal to take up any cattle running at large in any street, alley, open lot or other public place in the City of Groveton, and to impound the same, and to thereafter sell the same at public auction after first giving notice of the time and place of such sale for five successive days by posting up written or printed notices thereof in at least three public places in said city, which notice shall contain a brief description of the animal or animals to be sold; that at any time prior to the sale thereof the owner may reclaim the same by making proof of ownership and paying to the marshal Fifty Cents for each of the cattle so impounded, twenty-five cents for posting notices of sale and twenty-five cents for each such animal for each day the same shall have been impounded; that if such cattle are not reclaimed by the owner, said marshal shall sell the same at public auction to the highest bidder for cash."

The answer then sets out facts showing that the impounding and sale of plaintiff's cattle was under and in full compliance with all of the provisions of the ordinance of the city of Groveton, and that the injury and resulting death of the cow alleged in the petition was not caused by any negligence of the city or any of its officers or agents. This answer further avers:

"5. That if said mulberry tree was cut down as alleged in plaintiff's Third Original Amended Petition and in the manner therein stated, the same was done without the knowledge, approval or consent of the defendants herein, or of either of them; that if done, it was done by a firm of contractors known as Barker & Davis, composed of A. M. Barker and W. O. Davis, who reside in Dallas County, Texas, under a contract entered into by and between said City of Groveton and said Barker & Davis, dated 17th day of March, 1926, whereby said Barker & Davis obligated themselves for a lump sum price to be paid to them by said City of Groveton to commence and complete the construction and installation of a practical water and sewer system for said City of Groveton, in accordance with plans and specifications referred to in said contract; that by virtue of said contract, which will be offered in evidence, said Barker & Davis agreed to construct and install said water and sewer system for the City of Groveton, laying all stipulated pipe lines and sewer lines into, across and along the streets of said City of Groveton, at their own proper cost and expense, both as to material and labor, said Barker & Davis agreeing to furnish all tools, materials, equipment, labor and other accessories necessary thereto, with full power to employ and discharge their own labor, for which, when finally completed, said City of Groveton agreed to pay said Barker & Davis $47,780.25; that by reason of said contract, said defendants and said defendant City of Groveton relinquished to said Barker & Davis the selection of all hands, machinery, tools, materials, and equipment, and the management and control of the manner of doing said work, and said Barker & Davis assumed and exercised all of the same with full and absolute power of control, management and manner of operation in the construction and installation of said system, except said plant was to be installed according to said plans and specifications within seventy-five working days to the full satisfaction of said defendant City of Groveton; that under said contract said defendants reserved no rights, and exercised none, to interfere with the means and methods that said contractors, Barker & Davis, might decide to employ in the construction and installation of said system; that by reason thereof said Barker & Davis and said defendants the rule of respondeat superior does not apply, and that said Barker & Davis are alone responsible in damages, if any has been sustained, to said plaintiff; that said mulberry tree was situated in one of the streets of said City of Groveton, and in digging the ditches along the streets of the City of Groveton, and along said street wherein said mulberry tree was growing, said Barker & Davis used and employed a large ditching machine, and that said ditching machine could not pass along said street and build the necessary ditch in which to lay the required pipes in the

422

installation of said system, without removing said tree from said street."

It is further averred in the answer, in substance, that the mulberry tree, for the destruction of which plaintiff claims damages, was situated in a street of the city which had been used by the public with the acquiescence of the plaintiff for more than twenty years as a public street or thoroughfare of the town and city of Groveton, and that the defendant city had acquired by prescription the right and title thereto as a street of the city.

The defendants further pleaded the statute of limitation of two years against all of plaintiff's claims for damages.

The general demurrer and all of defendants' special exceptions, except those questioning the right of appellant in this suit to attack the legality of the corporate existence of the city of Groveton were overruled. The court, after hearing the evidence, instructed the jury that had been impaneled to try the issues of fact, to find a verdict for the defendants.

As we understand appellant's brief, his first and main complaint is that the trial court erred in sustaining defendants' special exceptions to the allegations of his petition attacking the legality of the incorporation of the city of Groveton.

The undisputed evidence shows that the city of Groveton was a de facto municipal corporation, and had been organized and acting as such for several years before this suit was brought. In this situation, it is well settled that the legality of the corporation's organization cannot be collaterally attacked, but can only be called in question in a quo warranto proceeding instituted in the name of the state by a proper representative of the state. Higgins et al. v. Bordages (Tex. Civ. App.) 28 S. W. 350; Brennan v. Weatherford, 53 Tex. 330, 37 Am. Rep. 758; Graham v. City of Greenville, 67 Tex. 62, 2 S. W. 742; City of El Paso v. Ruckman, 92 Tex. 86, 46 S. W. 25.

This conclusion disposes of all of plaintiff's claims for damages against the city of Groveton and its officers and agents for the impounding, collection of impounding fees, and the alleged sale of plaintiff's cattle in compliance with the ordinances of the city.

The only remaining claim presented by plaintiff's petition is for the destruction of the mulberry tree claimed to . have been owned by him. The trial court instructed the jury to find against plaintiff on this claim upon two grounds: First, because the tree was cut down by an independent contractor for whose acts the city of Groveton could not be held liable; and, second, because plaintiff's suit against the city was not filed until more than two years after the destruction of the tree. Appellant's brief does not set out or refer to any evidence showing, or tending to show, that the trial court was not justified in both of these holdings.

These conclusions require an affirmance of the judgment, and it has been so ordered.

Affirmed.