GRAY COUNTY PRODUCTION CO. et al.
v. CHRISTIAN et al.

No. 6040.

Court of Civil Appeals of Texas. Amarillo.
May 8, 1950.

Rehearing Denied June 12, 1950.

Sanders, Scott, Saunders & Smith, Amarillo (C. J. Humphrey, Amarillo, of counsel), for appellants.

Boyer, McConnell & Hankins, Perryton, for appellees.

LUMPKIN, Justice.

On August 23, 1948, the appellants—Gray County Production Company, a Texas cor- poration; Esta Kennedy, individually and as independent executrix of the estate of D. C. Kennedy, deceased; Herrmann Brothers Oil Company, a partnership composed of A. E. Herrmann and G. C. Herrmann; Benonine Oil Company, a Texas corpora- tion; and C. J. Oates and wife, A. C. Oates—filed a petition, No. 7009, in the Dis- trict Court of Hutchinson County, Texas, against the appellees—Paul Christian, the mayor; Ferrell B. Early and John C. Berg- ner, the two commissioners; and Mrs. Irene Foster, the tax assessor and collector, all officers of the City of Stinnett, Hutchin- son County. The appellants' petition at- tacked the validity of the incorporation of the City of Stinnett. It alleged that on April 5, 1927, an election was held under the provisions of Article 1155, Revised Civil Statutes of Texas 1925. As a result of the election the county judge of Hutchinson County declared the City of Stinnett to be incorporated and under a commission form of city government. The purpose of the case was to prevent the imposition of taxes on certain oil and gas interests and certain agricultural and pastoral lands outside of the inhabited areas of the City of Stinnett but within its city limits.

On September 8, 1948, quo warranto pro- ceedings, No. 7042, were instituted in the District Court of Hutchinson County where- in the State of Texas on the relation of A. E. Herrmann attacked the validity of the incorporation of the City of Stinnett. Named as defendants in this suit were the same city officers as were named in the first case. On September 12, 1949, Cause No. 7009 and Cause No. 7042 were consoli- dated by the trial court under the style and number of Gray County Production Compa- ny et al. v. Paul Christian et al., No. 7009.

In their petitions the appellants alleged, in effect, that the incorporation of the City of Stinnett on April 5, 1927, was invalid for the following reasons:

1. Since the boundaries of the city in- cluded more than two square miles and the city had a population of less than 2000 per- sons, its incorporation was in violation of Article 971, Vernon's Annotated Civil Stat- utes; and

2. Since the incorporated area of Stinnett included pastoral and agricultural lands in excess of that necessary for the occupancy of its citizens as well as land in excess of that necessary for reasonable expansion, the incorporation of the city was improper and in violation of law.

Among the special exceptions leveled to the petitions was the exception that appellants' pleadings were insufficient in law. It reads as follows: "For the reason that if there were less than 2000 residents of the City of Stinnett, which is not admitted, but expressly denied, such incorporation has been validated by curative legislation, Article 973a. * * *"

After a hearing on this exception, the trial court made no findings of fact but did hold that the incorporation of the City of Stinnett had been validated by Article 973a, Vernon's Annotated Civil Statutes, and ordered that the appellants take nothing in either case. From this order of the court the appellants gave notice of appeal and have perfected the appeal in each case. We shall discuss both cases in this opinion.

The appellants contend that the trial court erred in holding the defects in the incorporation of the City of Stinnett cured by Article 973a, Vernon's Annotated Civil Statutes. The City of Stinnett was incorporated in conformity with Article 1155. Article 971 provides that no city or town with a population of 2000 inhabitants or less shall be incorporated with a superficial area of more than two square miles. In Wilson v. Carter, Tex.Civ.App., 161 S.W. 411, it was held that a city or town could not be legally incorporated and include more than two square miles of territory unless it contained a population of 2000 inhabitants or more. The court held that the defect in incorporation would not be cured by a resolution of the city council to reduce the area to less than two square miles. Our courts have held that municipalities having more than the specified amount of territory are without authority of law, but they may exist as corporations de facto. Cook v. Bayne, Tex.Civ.App., 38 S.W.2d 419, dism.; Elliott v. Texas Pacific Coal & Oil Co., Tex.

Com.App., 29 S.W.2d 982. The Legislature has enacted curative acts from time to time validating such corporations. Article 973a, Senate Bill 27, passed by the 51st Legislature, effective March 10, 1949, purports to be such an Act. It is entitled: Cities and Towns—Validating Act. Section 2 of the Act provides as follows: "All petitions praying for an ordinance and all ordinances discontinuing or attempting to discontinue any territory from within the corporate limits of any incorporated city or town having a population of two thousand (2,000) inhabitants or less * * * and the boundaries and areas of any such city or town after the discontinuance or attempted discontinuance of any territory forming a part of said city or town * * * shall be * * * in all things validated and confirmed, and all cities and towns, having a population of two thousand (2,000) or less at the time of incorporation, whose charters and incorporations may be void by reason of having included in such limits more territory than authorized by Article 971, Revised Civil Statutes of 1925, are hereby declared to be valid, the same as if at first authorized." It is on this last portion of Section 2 of Article 973a that the trial court relied in sustaining the appellees' special exception.

The appellants attack the validity of this portion of Article 973a and contend that it is not applicable to violations of Article 971, as argued by the appellees. They say that this statute applies only to towns which have discontinued or attempted to discontinue territory; that it applies only to cities and towns incorporated in conformity with Article 971; that it is unconstitutional because it is so ambiguous as to be uncertain and misleading; and further that it is unconstitutional because the body of the Act is more extensive than its title. The appellants assert that Article 973a does not validate cities and towns incorporated in violation of the common law and Article 1134.

The appellants alleged a violation of Article 971: that is, they contend that at the time of the incorporation, the City of Stinnett, with a population of 2,000 persons or less, encompassed an area great-

er than two square miles. Assuming that these alleged defects, which we must accept as true, are cured by Article 973a, we point out that, according to the appellants' further allegations, the incorporation of the City of Stinnett is in violation of another statute, i. e., Article 1134. This statute provides, among other things, that the application for incorporation must be accompanied "with a plat of the proposed town or village including therein no territory except that which is intended to be used for strictly town purposes." The common law forbade a town or village to include within its boundaries lands for tax purposes only and not intended to be used for town purposes in general. Article 1134 embodies the common law on this subject. Ewing et al., v. State ex rel. Pollard, et al., 81 Tex. 172, 16 S.W. 872; State ex rel. Taylor et al., v. Eidson et al., 76 Tex. 302, 13 S.W. 263, 7 L.R.A. 733; State ex rel. Mobray, et al., v. Masterson et al., Tex.Civ.App., 228 S.W. 623, writ refused. Article 1134 is to be construed in connection with Article 971, which limits the amount of territory that may be included in cities and towns. These two articles, when construed together, prohibit the incorporation of a greater territory than that specified and prevent the inclusion, even within those limits, of territory not intended to be used strictly for town purposes. Thompson v. State ex rel. Donley, Tex.Civ.App., 56 S.W. 603.

■ The trial court held that all defects in the incorporation of the City of Stinnett were cured with the passage of Article 973a, the alleged curative statute. In its order sustaining the appellees' special exception the court said: "The court, having duly heard and considered the same is of the opinion that such curative statute has validated all of the present area of the City of Stinnett and that if such facts as alleged by plaintiffs and relator [appellants] are in fact true (no finding herein being made as to the truth or falsity of such allegations) constituting grounds for the relief prayed for, such allegations no longer constitute grounds for relief by reason of the curative statute set out in defendant's Special Exception and the same is hereby accordingly sustained." A reading of Article 973a will reveal that the portion relied upon by the appellees and the trial court refers only to cities and towns whose charter and incorporation may be void by reason of having included in their limits more territory than authorized by Article 971. Violations of Article 1134 are not mentioned. Nothing is said in Article 973a which may be construed as validating the charter and incorporation of cities, towns, and villages which include land not intended to be used strictly for town purposes. The effect of the curative Act, Article 973a, is to relieve cities and towns of the prohibition that they include within their boundaries no more territory than two square miles. Article 973a does not affect the provisions of the law which prohibit a city or town from including within its limits more territory than is necessary or land in excess of that intended to be used for town purposes.

■ Our courts have held the question of intent expressed in Article 1134 to be an issue of fact to be determined by the trial court. State ex rel. Perrin v. Hoard et al., 94 Tex. 527, 62 S.W. 1054; State ex rel. Burchill v. City of Polytechnic et al., Tex.Civ.App., 194 S.W. 1136, error ref.; State ex rel. County Attorney v. Merchant, 38 Tex.Civ.App. 226, 85 S.W. 483; State ex rel. Thornhill et al. v. Huntsaker et al., Tex.Civ.App., 17 S.W.2d 63.

The appellants made the general allegation that the area incorporated within the alleged incorporated City of Stinnett "was in excess of that necessary for present occupancy of its citizenry and that reasonably necessary for future expansion of the allegedly incorporated city," but they did not allege in so many words that the City of Stinnett included territory not intended to be used for strictly town purposes. Nevertheless, in our opinion, appellants' allegations, which must be taken as true, State ex rel. Brauer et al. v. City of Del Rio, Tex. Civ.App., 92 S.W.2d 287, reveal a violation of Article 1134. Whether the alleged excess territory included in the city boundaries was intended for strictly town purposes is a question of fact. Upon another trial this fact must be determined by the trial court.

We have carefully examined the record in this case. Because of our disposition of it, it is not necessary to answer all of the appellants' points of error. The order of the trial court is reversed and the cause is remanded for trial in keeping with this opinion.